KIRSHNER, Appellee,

v.

SHINABERRY, Appellant.

[Cite as *Kirshner v. Shinaberry* (1989), 64 Ohio App.3d 536.]

Court of Appeals of Ohio,
Lucas County.

No. L–89–058.

Decided Sept. 22, 1989.

*Alan Kirshner, pro se.*
*Francis C. Collins,* for appellant.

HANDWORK, Presiding Judge.

This matter is before the court on appeal from the judgment of the Lucas County Court of Common Pleas dated January 17, 1989.

On December 11, 1987, appellee, Alan Kirshner, filed a complaint against appellant, Richard Shinaberry, alleging that appellant had violated an arbitration agreement between the parties. The parties had agreed to arbitrate a pending dispute over monies owed for services rendered by Kirshner to Shinaberry. Kirshner claimed that Shinaberry had breached the arbitration agreement by filing a lawsuit against Kirshner in the Lucas County Court of Common Pleas (No. 87–2705) and by continuing to litigate another case filed in the Toledo Municipal Court (No. CVF85–24008). Kirshner sought relief from the court in the form of an order compelling Shinaberry to arbitrate, dismissing the suit filed in the Lucas County Court of Common Pleas, and striking the recently filed motions and pleadings with regard to the suit filed in the Toledo Municipal Court.

In response, Shinaberry denied the allegations and counterclaimed for damages resulting from the defamatory statements allegedly intentionally and maliciously made by Kirshner in his amended answer and counterclaim filed in the Toledo Municipal Court case.

In turn, Kirshner replied that the counterclaim failed to state a cause of action because the filing of a pleading cannot constitute a publication, which is an essential element for a defamation cause of action, because a litigant is privileged to make relevant statements in such a pleading even though they may be defamatory, and because the statements made were true. Thereafter, Kirshner filed a motion to dismiss Shinaberry's counterclaim for failure to state a claim because statements in a judicial pleading are absolutely privileged and Shinaberry failed to deny the truth of the statements. The court summarily dismissed the counterclaim on April 20, 1988.

On May 3, 1988, Kirshner filed a motion for summary judgment requesting that the court enforce the arbitration agreement and stay other litigation on the issue until the arbitration was completed. This matter was stayed pending the resolution of matters on appeal.

On January 17, 1989, the court amended its decision of April 14, 1988, wherein it dismissed Shinaberry's counterclaim, to indicate that there was "no just cause for delay in entering final judgment against Defendant" so that Shinaberry could immediately appeal this decision. Shinaberry thereafter timely filed a notice of appeal from this order and asserts three assignments of error:

"I. The trial court erred in dismissing defendant's counterclaim since the defamatory information contained in plaintiff's pleadings is not privileged.

"II. The trial court erred by dismissing appellant's counterclaim since an attorney, especially when representing himself, is liable for malicious acts directed at third parties and opposing parties.

"III. The trial court erred in granting the motion to dismiss appellant's counterclaim since Civil Rule 12(B)(6) requires that no set of facts could be established which would entitle the complaintant [*sic*] to the relief he requests."

All of Shinaberry's assignments of error are premised on the contention that Kirshner could not claim an absolute privilege from making defamatory statements in his answer and counterclaim.

█ Under Ohio law, a defamation action cannot be maintained regarding defamatory statements made in a judicial pleading if such statements are reasonably related to the proceedings. *Surace v. Wuliger* (1986), 25 Ohio St.3d 229, 25 OBR 288, 495 N.E.2d 939, syllabus. An absolute privilege was

determined to be necessary to prevent numerous defamation actions and to avoid the deterrent effect that a potential defamation action would have upon litigants bringing suit. *Id.* at 232, 25 OBR at 291, 495 N.E.2d at 942. However, because of the potential for abuse of the privilege, American courts have added one condition: that the statements be "pertinent to the occasion of privilege." *Bigelow v. Brumley* (1941), 138 Ohio St. 574, 585, 21 O.O. 471, 476, 37 N.E.2d 584, 591. In determining what is pertinent, the court should avoid relevancy terms because of the potential confusion with legal relevancy. *Id.* at 586, 21 O.O. at 477, 37 N.E.2d at 591. Instead, the court should consider whether the matter has " 'reference and relation to the subject-matter of the action.' " (Citation omitted.) *Id.* See, also, *Surace v. Wuliger*, *supra*, 25 Ohio St.3d at 232, 25 OBR at 291, 495 N.E.2d at 942.

In this case, Shinaberry alleges that certain defamatory statements in Kirshner's answer and counterclaim filed in the Toledo Municipal Court suit regarding rent allegedly owed by Kirshner to Shinaberry, James & Weiher were unrelated to the case. First, Shinaberry contends that paragraphs six through nine and twenty-six through thirty-one are irrelevant to the case because they concern the arbitration agreement that is the subject matter of the suit from which this appeal arises. Second, Shinaberry contends that paragraphs twelve, thirteen, fourteen, fifteen and seventeen are irrelevant and defamatory because they concern Shinaberry personally and he was not a party to the suit. These paragraphs concern Shinaberry's alleged conduct regarding the office rent, secretarial services, and other expenses. Third, Shinaberry contends that paragraphs twenty through twenty-five are also irrelevant and defamatory because Shinaberry is not a party to the suit and the paragraphs concern services allegedly performed by Kirshner for Shinaberry.

 Upon a review of the record, we find that there was insufficient evidence upon which the court could conclude whether the statements have any "reference or relation" to the case. However, a court may take judicial notice of a court's finding in another case. See Evid.R. 201(B) and *Morgan v. Cincinnati* (1986), 25 Ohio St.3d 285, 25 OBR 337, 496 N.E.2d 468. When we examine the case of *Shinaberry, James & Weiher v. Kirshner*, Toledo Municipal Court case No. CVF–85–24008, we find that the court found on March 20, 1987 that Shinaberry was the real party in interest in that suit. Therefore, pursuant to Civ.R. 13(B), Kirshner could raise any counterclaim he had against Shinaberry even though it did not arise out of the same transaction or occurrence that is the subject of the main claim.

Upon a review of the paragraphs identified by Shinaberry, we find that most of the paragraphs do not contain any defamatory language at all.

However, with regard to those that might be considered to be defamatory, an absolute privilege exists to protect Kirshner from liability for defamation. We find that the privilege exists in this case because these statements concern the real party in interest in the suit (Shinaberry) and are necessary allegations to support Kirshner's claims.

Wherefore, we find all three assignments of error not well taken.

Having found that substantial justice has been done the party complaining, we affirm the judgment of the Lucas County Court of Common Pleas. In addition, Shinaberry is hereby ordered to pay the court costs regarding this appeal pursuant to App.R. 24.

*Judgment affirmed.*

CONNORS and GLASSER, JJ., concur.