OPINION
This matter presents a timely appeal from a judgment rendered by the Harrison County Common Pleas Court, granting a divorce to plaintiff-appellee, Delphia Cordia, and dividing the marital property acquired by appellee and defendant-appellant, Dale E. Cordia.
The parties in this matter were married on February 14, 1992, and no children were born to them during the course of their marriage. Neither party brought significant assets to the marriage, with the exception of appellant's tools, valued by him at $14,000.00. During the marriage and by virtue of appellee's credit worthiness, the parties began a trucking business known as DC Trucking Company and acquired three trucks for use in such business: a 1989 Volvo valued at $23,500.00; a 1989 Freightliner valued at $24,500.00 and subject to an indebtedness of $19,500.00; and, a 1982 International valued at $4,500.00, but inoperable.
The parties owned real property appraised at $55,000.00, subject to a mortgage in the amount of $36,500.00 and a land contract in the amount of $7,000.00 for adjacent property. The parties also owned livestock, farm machinery and equipment, motor vehicles, household goods and furnishings and various other items of personal property.
In September of 1996, appellant left the marital residence to live with another individual. On October 10, 1996, appellee filed her complaint for divorce, along with a motion seeking a temporary order from the trial court addressing various issues. The trial court granted appellee's motion on the same date and made the following pertinent orders pending the resolution of the divorce proceeding: appellee was awarded exclusive possession and use of all assets of DC Trucking Company, with the exception of the 1989 Freightliner truck which was in appellant's possession; commencing October 15, 1996, appellant was required to pay to DC Trucking Company, the sum of $500.00 for the indebtedness on the 1982 International truck and pay to Truck Sales in Midvale, Ohio, the monthly installments on the 1989 Freightliner and, furnish appellee with evidence of such payments; and, appellant was required to pay appellee the sum of $350.00 each month in spousal support.
On November 27, 1996, appellant filed his answer and counterclaim, along with a motion to vacate the trial court's October 10, 1996 order. In accordance with an agreed entry filed by the trial court on March 3, 1997, both parties were restrained from disposing of any property. A final divorce hearing was held before the trial court on March 26, 1997. Upon due consideration of the evidence and testimony presented, the trial court filed its opinion and judgment entry on March 3, 1998, including findings of fact and conclusions of law. Appellee was granted a divorce from appellant on grounds of incompatability, extreme cruelty and gross neglect of duty. Appellee was awarded the marital residence and the surrounding real property, subject to the mortgage indebtedness and the outstanding land contract owed to the Bruner Land Company.
The trial court also awarded appellee the following: the 1989 Volvo truck; the 1982 International truck; the exclusive ownership of and right to the use the trade name of DC Trucking Company; the 1985 Chevrolet S-10 pickup truck, subject to the debt due thereon; the 1986 Buick Century automobile; various items of farm machinery and equipment; the livestock, subject to the indebtedness owed to Robert Hoagland in the amount of $1,150.00; one-half of the sale proceeds from the Bowerston Land Contract; and, all personal property currently in her possession.
Appellant was awarded the 1989 Freightliner truck, subject to the outstanding indebtedness on same; the Ford pickup truck, subject to the debt due on same; the Jack Daniels collection; his tools; the western pictures and other western items; his police badge; a CB radio and two shotguns; one-half of the sale proceeds from the Bowerston Land Contract; and, all personal property currently in his possession.
In addition to the debt each party specifically assumed in conjunction with real and/or personal property awarded to them, the trial court ordered that appellee and appellant each pay one-half of all remaining marital indebtedness set forth on the joint exhibit submitted to the court, beginning with debt owed to People's Bank. Appellant was also ordered to pay appellee the sum of $4,600.00 as reimbursement for the indebtedness incurred as a result of appellant's actions in contravention of the trial court's temporary order dated October 10, 1996. Finally, the trial court ordered appellant to pay appellee the sum of $350.00 per month for spousal support effective through May 1, 1998, on which date it would terminate, and $600.00 of appellee's attorney fees.
Appellant sets forth five assignments of error on appeal.
Appellant's first assignment of error alleges:
 "THE COURT ABUSED ITS DISCRETION IN DIVIDING THE ASSETS AND LIABILITIES OF THE PARTIES."
Appellant contends that the trial court abused its discretion by dividing the parties' assets and liabilities significantly in favor of appellee. Appellant sets out a division of assets and liabilities in accordance with his interpretation of the trial court's judgment, arriving at post distribution figures which result in appellee receiving $53,563.87 in net assets and appellant receiving zero dollars in net assets and $14,563.57 in net liabilities. Although appellant recognizes the broad discretion afforded the trial court, he argues that a $68,000.00 difference in asset/liability distribution between the parties constituted error.
A trial court has broad discretion when fashioning a property distribution in a divorce action. Berish v. Berish
(1982), 69 Ohio St.2d 318. As such, the trial court's order will not be reversed on appeal absent an abuse of discretion. Martinv. Martin (1985), 18 Ohio St.3d 292. The term abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Pursuant to R.C. 3105.171 (C) (1), an equal division of marital assets is the starting point in the trial court's analysis of what would constitute an equitable division. (See Cherry v.Cherry (1981), 66 Ohio St.2d 348). The trial court must make written findings of fact which support the determination that marital property has been equitably divided. R.C. 3105.171 (G). The requirement of written findings is a codification of Kaechelev. Kaechele (1988), 35 Ohio St.3d 93, 97, wherein the Ohio Supreme Court held:
 "In allocating property between the parties to a divorce and in making an award of sustenance alimony, the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with law."
Thus, although an equal property and debt division is a starting point when allocating marital property, a final decision need not be equal to be equitable. Kaechele, supra. A reviewing court in a domestic relations appeal must insure that the trial court's ruling was fair, equitable and in accordance with law considering the totality of the circumstances and refrain from substituting its judgment for that of the trial court unless an abuse of discretion has been shown. Martin, supra at 295.
Appellant's calculations with regards to the trial court's division of assets and liabilities are erroneous. For the most part, the trial court utilized the joint exhibit submitted by the parties in dividing the assets and liabilities in this case, along with the valuations set forth in same. However, based upon the testimony presented, the trial court determined that the liability listed as Dorothy Beebe was $5,000.00 and not zero, the liability listed as Bowerston Land Contract in the amount of $27,500.00 was, in fact, an asset, and the asset listed as timber in the amount of $9,000.00 was not to be added to the appraised value of $55,000.00 on the parties' marital residence and surrounding real property.
Appellant makes various other accounting errors in reaching his alleged $68,000.00 distribution disparity. Appellant improperly added the total of $1,150.00 owed to Robert Hoagland to his liabilities, when the trial court expressly assigned this debt to appellee. Further, appellant added the 1985 Chevrolet S-10 pick-up truck as an asset to appellee's total, but failed to include the $981.00 debt owed on same in her liabilities.
Appellant also incorrectly added the $4,600.00 liability twice into his analysis. The testimony offered clearly established, and the trial court properly noted, that appellant did not make the $500.00 per month payments to DC Trucking Company as ordered in the judgment entry dated October 10, 1996, nor did appellant provide either appellee or the court with evidence of any payments allegedly made by him. The trial court found that appellant failed to comply with its order and as such, required that appellant pay the outstanding sum of $4,600.00 to appellee.
The trial court in this case was in the best position to assess the credibility of the witnesses and to determine the weight to be afforded the evidence offered. Walworth v. B.P. OilCo. (1996), 112 Ohio App.3d 340, citing to State v. DeHass (1967),10 Ohio St.2d 230. It was well within the discretion of the trial court to believe one witness more than another. The trial court clearly based its division of the parties' marital assets and liabilities upon several details which were enumerated in its final judgment entry under its findings of fact.
Such details included, but were not limited to, the fact that the parties' trucking business was started with appellee's credit, appellant disregarded the trial court's October 10, 1996 order which caused extreme financial hardship to appellee, appellant closed a business checking account for DC Trucking Company and kept the remaining funds in the account for himself, in contravention of the trial court's restraining order prohibiting him from doing so, and appellee was formerly employed by a company which provided her with significant benefits, including a pension which was withdrawn to start the trucking business during the parties' marriage.
Based upon the totality of the circumstances presented in the case at bar and the fact that the trial court set forth sufficient written findings of fact, the trial court was well within its discretion in effecting a division of marital assets and liabilities in an equitable, rather than equal, manner. It cannot be said that the trial court's decision was unreasonable, arbitrary or unconscionable and therefore, the trial court did not abuse its discretion in dividing the parties' marital assets and liabilities.
Appellant's first assignment of error is found to be without merit.
Appellant's second assignment of error alleges:
 "THE TRIAL COURT ERRED IN NOT ASSESSING A $14,000.00 VALUE TO THE SEPARATE PROPERTY BROUGHT INTO THE MARRIAGE BY THE DEFENDANT."
Appellant complains that the trial court failed to assess a $14,000.00 value to his tools in its final judgment entry. However, the trial court specifically stated in its opinion and judgment entry filed March 3, 1998 at page 3: "Defendant listed the total value of the tools at $14,000.00." As appellant aptly pointed out, such value was not disputed. Moreover, the trial court stated at page 8 of its opinion and judgment entry: "Neither party brought anything of significance to the marriage for which there ought to be an accounting now,excepting some tools and other personal items of a minor nature,all of which will be granted to the Defendant." (Emphasis added). Finally, the trial court ordered at page 10 of its opinion and judgment entry that appellant (defendant) "* * * shall retain as his separate property * * * his tools * * *."
Appellant's second assignment of error is found to be without merit.
Appellant's third assignment of error alleges:
 "THE TRIAL COURT ERRED BY ADDING FACTS TO THE ENTRY WHICH WERE NOT TESTIFIED TO IN OPEN COURT."
Appellant complains that the trial court added certain facts to its final findings which were not testified to in open court. Specifically, appellant points to the reference of a default judgment recovered by People's Bank against both parties and a second default judgment levied only against appellee's bank accounts by Canton Financial. Appellant is purportedly arguing that the trial court improperly took judicial notice of a court's finding in another case.
Evid.R. 201 authorizes judicial notice of indisputable adjudicative facts that are capable of accurate and present determination from sources whose accuracy cannot reasonably be questioned. "A court may take judicial notice of a finding of another court in unrelated case." Kirshner v. Shinaberry (1989),64 Ohio App.3d 536, syllabus.
In the instant case, the trial court cited two cases and their docket numbers in reference to a default judgment rendered against both parties, which remained uncollected, and a second default judgment rendered against both parties but collected only against appellee. The record indicates that the trial court obtained this specific information from the parties' joint exhibit of assets and liabilities, along with the written closing argument and proposed entry filed by appellee, and not directly from testimony presented at hearing. The trial court was well within its discretion to take judicial notice of such information in rendering its decision and dividing the parties' assets and liabilities in an equitable manner.
Appellant's third assignment of error is found to be without merit.
Appellant's fourth assignment of error alleges:
 "THE TRIAL COURT ERRED BY NOT GRANTING AS JOINT PROPERTY $1,380.00 FOR WORK DONE BY THE DEFENDANT ON THE VOLVO TRUCK AND AN AGREEMENT FOR THE PLAINTIFF TO PAY $1,000.00 FOR NEGOTIATING AN INSURANCE SETTLEMENT."
Appellant alleges that the trial court erred in failing to include a $1,380.00 billing statement and $1,000.00 of insurance proceeds in the parties' property settlement.
The $1,380.00 billing statement dated both September 12, 1996 and September 16, 1996, to which appellant refers, purportedly represented the consideration appellee owed appellant pursuant an alleged oral agreement between them, whereby appellant was to repair the 1982 International Truck in exchange for payment. Appellee testified that she never saw the billing statement in question and never agreed to pay appellant the amount allegedly due. (Tr. 78)
It was within the purview of the trial court to believe one witness more than another. Furthermore, the financial benefit of the repairs in question inured to the parties' trucking business and thus, to both parties, as appellant did not leave the marital residence until at least September 17, 1996, which was not disputed.
The insurance proceeds to which appellant refers, represented checks issued by The Cincinnati Insurance Companies to compensate DC Trucking Company for repairs, towing and lost profits while the Volvo truck was inoperable. The total compensation for lost profits was $2,500.00. Appellant claimed he and appellee agreed that $1,000.00 of the $2,500.00 paid for lost profits was to be his. However, the insurance check for $1,000.00, which appellant indicates belonged to him, was dated November 14, 1996. The trial court's order dated October 10, 1996 granted appellee exclusive possession of the trucking business and its assets.
The trial court did not specifically address either of appellant's alleged oral agreements in its opinion and judgment entry filed March 3, 1998. Rather, the trial court stated at page one of said opinion and judgment entry, "Any matter raised at the hearing by counsel, but not specifically mentioned by the Court in this decision, shall be presumed to be found not well taken and held not sufficient." Based upon the testimony and evidence presented, it was well within the trial court's discretion to find that appellant's arguments concerning the disputed amounts were not well-taken and to exclude such amounts when dividing the joint assets and liabilities of the parties. The trial court's decision in this regard was not unreasonable, arbitrary or unconscionable considering the totality of the testimony and evidence. Therefore, the trial court did not abuse its discretion.
Appellant's fourth assignment of error is found to be without merit.
Appellant's fifth assignment of error alleges:
 "THE TRIAL COURT ERRED IN ORDERING THE DEFENDANT TO MAKE SPOUSAL SUPPORT PAYMENTS FROM THE INCEPTION OF THE DIVORCE UNTIL MAY, 1998."
Appellant argues that the trial court lacked a viable basis for awarding appellee spousal support from October 10, 1996 until May 1, 1998.
Pursuant to R.C. 3105.18 (B), a trial court may award reasonable spousal support in an amount the court deems equitable. Before making the award, the trial court must consider the factors set forth in R.C. 3105.18 (C) (1). The trial court's judgment entry must contain reasoning to support a spousal support award "in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law."Kaechele, supra at 97. In the case at bar, the trial court properly considered the factors set forth in R.C. 3105.18 (C) (1) and addressed those factors in its opinion and judgment entry dated March 3, 1998 which it considered most germane to its decision regarding spousal support.
Appellant nonetheless maintains that based upon the parties' respective incomes, combined with the court's division of the parties' assets and liabilities, the trial court's attitude concerning spousal support was unreasonable, arbitrary and unconscionable.
The trial specifically took into consideration the fact that appellant's income was currently greater than appellee's and, that appellant was assuming a larger portion of the parties' debts and financial responsibilities as a result of the property division, in determining whether appellee would be entitled to spousal support. (Opinion and Judgment Entry filed March 3, 1998, 11-12). The trial court further recognized that appellant was required to pay appellee temporary spousal support in the amount of $350.00 per month commencing October 10, 1996 pursuant to its previous order and that said order had not been altered, amended or terminated. As such, the trial court terminated appellant's obligation to pay spousal support to appellee effective May 1, 1998, just two months after the trial court's final judgment in this case.
The trial court properly complied with the dictates ofKaechele, supra and gave full consideration to the factors enumerated in R.C. 3105.18 (C). Therefore, the trial court did not abuse its discretion in ordering that appellant make monthly spousal support payments to appellee until May 1, 1998.
Appellant's fifth assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
Donofrio, J., concurs.
Vukovich, J., concurs.
 APPROVED: ______________________________ EDWARD A. COX, PRESIDING JUDGE