OPINION
This is an appeal from the judgment entered by the Lake County Court of Common Pleas, Juvenile Division, granting a writ of habeas corpus in favor of appellee. As part of this judgment, the juvenile court ordered that the Lake County sheriff take and deliver the minor child to appellee's sister from appellant so that the child could be returned to appellee.
The following procedural history is relevant to this matter. On August 10, 1999, appellant, Denise R. Facemyer, filed a complaint requesting, among other things, that her minor child, Douglas Facemyer, be declared a dependent child.[1] Subsequently, on December 10, 1999, appellee, David D. Facemyer, the child's father, filed a "complaint" for a writ of habeas corpus. In this complaint, appellee sought an order requiring appellant to return custody of their child to him. As grounds for his request, appellee alleged that appellant had continued to restrain the child of his liberty against the wishes of appellee and in direct violation of court orders. This complaint was brought under R.C. 2151.23.[2]
On December 17, 1999, the juvenile court conducted a hearing on the dependency complaint and the complaint for a writ of habeas corpus. Based upon the evidence presented at the hearing, the court issued the following judgment entry on December 22, 1999:
 "[T]he Court finds that the child's father [appellee] has a clear legal right to possession of the minor child pursuant to the shared parenting decrees issued by the Lake County Domestic Relations Court, Exhibits A and B. The mother [appellant] shall return the minor child to the father the day after Christmas. Upon certification to the Court that the mother has refused to comply with this directive, the writ of habeas corpus prayed for in the father's complaint shall issue without further hearing."
Furthermore, on the court's own motion, it dismissed, without prejudice, the dependency complaint on grounds that a disposition of the case was not conducted within ninety days of the filing of the complaint as required by statute.[3]
In response, appellant filed a motion to stay the execution of the juvenile court's order, but this motion was denied. Appellant then filed a petition for writ of prohibition with this court. However, upon request of appellant, the petition was later dismissed.
Thereafter, appellee filed a certification of refusal to comply with the court order. The juvenile court issued the writ of habeas corpus on December 28, 1999, ordering the Lake County sheriff to take and deliver the child to appellee's sister, Kristina Zerby, from appellant.
From this decision, appellant filed a notice of appeal presenting a single assignment of error for our consideration:
 "The juvenile court erred in the granting of a writ of habeas corpus involving the minor child."
Before we may address the merits of this assignment of error, we must determine whether the matter before this court is moot. Appellee maintains that the present appeal from the writ of habeas corpus action is moot because the Lake County Court of Common Pleas, Domestic Relations Division, changed custody of the child from appellee to appellant.
Upon reviewing the record of the domestic relations court, it shows that in a judgment entry dated August 30, 2000, the court did, in fact, terminate the shared parenting plan under which appellee was the residential parent, and designated appellant as the new residential parent.[4]
With regard to the domestic relations court's order, we issued a judgment entry on November 2, 2000 stating that we would take judicial notice of the fact that a judgment entry was issued by the domestic relations court changing custody from appellee to appellant.[5] As a general proposition, an appellate court can take judicial notice of a court's findings in another case. In re Adoption of Lassiter (1995),101 Ohio App.3d 367, 374; Kirshner v. Shinaberry (1989),64 Ohio App.3d 536; State v. Allen (Sept. 23, 1994), Lake App. No. 93-L-123, unreported, at 3, 1994 WL 590342.[6]
An appellate court has no duty to decide moot cases. Miner v. Witt
(1910), 82 Ohio St. 237, syllabus. Furthermore, facts or events outside the record can be used to show that a case has become moot. Miner at syllabus. See, also, Pewitt v. Lorain Correctional Inst. (1992),64 Ohio St.3d 470, 472; State ex rel. Richard v. Wells (1992),64 Ohio St.3d 76, 77.
Because appellant, as the party who would have been virtually affected by a reversal of the grant of the writ of habeas corpus in this matter, has been designated the residential parent of the minor child by the domestic relations court, we decline to reach the merits of this case and declare it to be moot. Such a determination does not imply approval with the juvenile court's actions. Rather, it signifies that the merits of this appeal have been rendered moot by the domestic relations court's decision to change custody from appellee to appellant.
In accordance with the foregoing, this appeal is dismissed.
 _____________________________ JUDITH A. CHRISTLEY, JUDGE
FORD, P.J., O'NEILL, J., concur.
[1] A review of the record indicates that appellant was referred to as "Denise Jogan." Nevertheless, we will refer to appellant as Denise R. Facemyer.
[2] R.C. 2151.23(A)(3) provides that the juvenile court has exclusive original jurisdiction "[t]o hear and determine any application for a writ of habeas corpus involving the custody of a child[.]" Although appellant does not challenge the juvenile court's ability to decide this matter, it appears that the juvenile court had jurisdiction to hear and determine this case.
[3] Appellant does not take issue with this decision.
[4] As an aside, we note that appellee has filed a motion to vacate and a notice of appeal from the domestic relations court's judgment.
[5] We further advised the parties that unless a brief in opposition with regard to this matter was filed, we would take judicial notice of the domestic relations court's judgment entry sua sponte. Only appellant filed such a brief urging this court not to take judicial notice of the domestic relations court's action.
[6] This court noted in Hubbard v. Luchansky (1995), 102 Ohio App.3d 410,413, that "when a trial court fails to take judicial notice of a factual matter because a party did not raise the issue, an appellate court will not consider the fact in reviewing the appealed judgment." The instant case is distinguishable as it concerns taking judicial notice of a procedural rather than factual matter. See, also People v. Moore (1997),59 Cal.App.4th 168, 178 ("[W]hile a court can take judicial notice that a court made a particular ruling, it cannot take judicial notice of the truth of a factual finding made in another action.") Furthermore, a "juvenile court may take judicial notice of a judgment rendered by a domestic relations court." Walsson v. Walsson (Feb. 26, 1996), Clermont App. No. CA95-09-062, unreported, at 5, fn. 3, 1996 Ohio App. LEXIS 662.