PER CURIAM OPINION
{¶ 1} This action in mandamus is presently before this Court for consideration of the motion to dismiss of respondent, Judge Paul H. Mitrovich of the Lake County Court of Common Pleas. As the primary basis for his motion, respondent argues that the petition of relator, Donald Breeden, fails to state a viable claim for a writ because his allegations are insufficient to show that he is entitled to the release of certain documents pertaining to an underlying criminal case. For the following reasons, we conclude the motion to dismiss has merit.
 {¶ 2} Relator is currently incarcerated at the Pickaway Correctional Institution, based upon his prior convictions for rape and felonious sexual penetration in the Lake County Court of Common Pleas. After being sentenced to a term of life in May 2000, relator appealed the foregoing conviction to this court. Since relator was indigent at that time, a complete transcript of his trial was included as part of the record at the state's expense. Upon reviewing that transcript and relator's assignments of error, we affirmed the conviction in December 2002. Relator then filed a notice of appeal with the Supreme Court of Ohio, but that Court denied him leave to appeal in May 2003.
 {¶ 3} In bringing the instant action, relator seeks an order which would require respondent and the Lake County Clerk of Courts to provide him with copies of all documents which were included in the trial record as part of his criminal appeal. Specifically, relator asserts in his mandamus petition that he needs copies of the documents, including the trial transcript, the presentencing investigation report, and various entries in the record, in order to file a separate petition for new relief with a "higher" court. He further asserts that, even though he previously made a request for copies of the documents, he never received a response.
 {¶ 4} In now claiming that relator is not entitled to the relief sought in the instant action, respondent first maintains that, since relator has already been convicted and has begun to serve his sentence, his request for documents is governed by R.C.149.43, the "public records" statute. In light of this, respondent also argues that, under this statute, an inmate in a state prison cannot obtain copies of public records unless he has satisfied the specific requirement delineated in subsection (B)(4) of the statute. This provision states, in pertinent part:
 {¶ 5} "A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * *, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence * * *, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person."
 {¶ 6} In applying R.C. 149.43(B)(4) in prior cases, this court has indicated that a prisoner cannot demonstrate a clear legal right to have access to any public record unless he can prove that he has first obtained a determination from the trial judge that such access is necessary." Holder v. Chester Twp., 11th Dist. No. 2002-G-2461, 2002-Ohio-7168. "As a result, in order to state a feasible claim to compel the release of public records, an inmate must allege that he submitted to the sentencing judge, or to that judge's successor, a request for the disputed documents, and the judge then issued a decision expressly finding that he needed the documents to support a justiciable claim. * * * If a mandamus claim does not contain such allegations, it is subject to dismissal under Civ.R. 12(B)(6). * * *." (Citations omitted.)State ex rel. Cohen v. Mazeika, 11th Dist. No. 2004-L-048, 2004-Ohio-3340.
 {¶ 7} In the instant action, the assertions in relator's own petition indicate that he is presently incarcerated as a result of a criminal conviction; accordingly, the requirements of R.C. 149.43(B)(4) are applicable to his request for documents. Furthermore, although relator's allegations could be interpreted to state that he submitted a prior request to respondent for copies of the documents, there is no indication in the allegations that he informed respondent of the reasons why he needed the documents, and then asked respondent to render a determination on the matter. Finally, relator has not asserted in his petition that respondent in fact made the required finding that he has a justiciable underlying claim for which he needs the documents.
 {¶ 8} In the absence of any specific allegation as to the exact requirements of R.C. 149.43(B)(4), relator cannot demonstrate his entitlement to obtain copies of any public records from respondent or the Lake County Clerk of Courts. Under Ohio law, a plain request for public records is not sufficient to obtain copies of a document pertaining to a criminal case when the conviction is final and the prison term has already begun. On this basis alone, relator's petition does not contain sufficient allegations to warrant the issuance of a writ of mandamus.
 {¶ 9} In the "conclusion" portion of his petition, relator submits that his request for documents should be granted under the federal Freedom of Information Act. However, the Supreme Court of Ohio has expressly held that the federal statute has no application to a state inmate's request for copies of documents relating to his conviction.State ex rel. Warren v. Warner (1998), 84 Ohio St.3d 432. Thus, relator had to satisfy R.C. 149.43 in order to be entitled to the documents.
 {¶ 10} As an aside, this court would note that relator further stated in his petition that he should not be required to pay for a copy of the trial transcript. As to this point, we would indicate that, since relator was provided a transcript at the state's expense during his appeal from his conviction, it would have been necessary for him to pay for a second copy if he had satisfied the basic requirements of R.C. 149.43. The Supreme Court has concluded that "only one copy of a transcript of a criminal trial need be provided to an indigent criminal defendant." Stateex rel. Call v. Fragale, 104 Ohio St.3d 276, 2004-Ohio-6589, at ¶ 9. In addition, "R.C. 149.43 does not require a public-records custodian to provide copies of records free of charge; instead, the Public Records Act requires only that copies of public records be made available at cost." Id. The foregoing general logic would also apply to the other documents sought by relator; i.e., his indigent status does not entitle him to free copies once the documents have been included in the record on appeal.
 {¶ 11} In order for a writ of mandamus to lie, the relator must be able to establish the existence of the following three elements: "* * * first, that he has a clear right to the relief prayed for; second, that the respondent is under a clear legal duty to perform the act requested; and third, that the relator has no plain and adequate remedy in the ordinary course of law." State, ex rel. Greene v. Enright (1992),63 Ohio St.3d 729, 731. Thus, a mandamus petition can be subject to dismissal under Civ.R. 12(B)(6) if the relator will ultimately be unable to prove all three elements. That is, "a petition for a writ can be dismissed for failing to state a viable claim when the nature of the allegations are such that, even if those allegations are viewed in a manner most favorable to the relator, they are still legally insufficient to show that the relator will be able to prove a set of facts entitling him to the writ." State ex rel. Maxwell v. Kainrad, 11th Dist. No. 2004-P0-042, 2004-Ohio-5458, at ¶ 13.
 {¶ 12} Pursuant to the foregoing analysis, this court holds that relator has failed to state a viable mandamus claim because his own allegations indicate that he will be unable to establish the first element for the writ. Specifically, his petition is insufficient to show that he had a clear legal right to copies of the documents at issue because he cannot prove compliance with R.C. 149.43(B)(4). Accordingly, respondent's motion to dismiss is hereby granted under Civ.R. 12(B)(6). It is the order of this court that relator's entire mandamus petition is dismissed.
O'Neill, J., Rice, J., O'Toole, J., concur.