DECISION AND JUDGMENT ENTRY
{¶ 1} Relator, Daniel L. Rittner, Sr., an incarcerated person acting pro se, filed a petition in mandamus requesting that this court order respondent, Fulton County Court of Common Pleas Judge James E. Barber, to release certain documents alleged to be public records pursuant to R.C. 149.43. On August 31, 2005, we issued an alternative writ ordering respondent to either perform the act requested or show cause by filing an answer or a motion to dismiss the petition. On September 15, 2005, respondent filed a motion to dismiss. Relator filed a motion in opposition to the motion to dismiss. On November 9, 2005, respondent filed a reply to petitioner's motion in opposition. On December 19, 2005, relator filed a "supplement to writ of mandamus" which requests additional documents alleged to be public records and in respondent's custody, which records were not requested in relator's original writ. For the following reasons, we grant respondent's motion to dismiss.
 {¶ 2} Relator Rittner was convicted in the Fulton County Court of Common Pleas, the court in which respondent Judge Barber sits, of two counts of rape, felonies of the first degree, and was sentenced to two concurrent sentences of six to 25 years incarceration, with six years of actual incarceration. On October 3, 2002, Rittner filed a motion for a new trial and a motion to withdraw his guilty plea. In State v. Rittner, 6th Dist. No. F-02-034, 2003-Ohio-5201, this court dismissed his appeal of the trial court's denial of his motion for a new trial; however, we reversed the trial court's denial of his motion to withdraw his guilty plea for failure to hold an evidentiary hearing.
 {¶ 3} The trial court, respondent presiding, completed evidentiary hearings on December 27, 2004, and in an order journalized December 30, 2004, denied Rittner's motion for a new trial. In the same judgment entry, respondent ruled on motions Rittner had filed requesting public records. The trial court (respondent presiding) entered an order, journalized December 30, 2004, regarding the following: Rittner's (1) motion to withdraw his guilty plea; (2) motion for a new trial; (3) motion for an injunctive order (allegations of substandard medical care); and (4) motions for disclosure and release of public records. The trial court denied all of Rittner's requests for public documents. The order contained the language "THIS IS A FINAL, APPEALABLE ORDER."
 {¶ 4} Rittner appealed the December 30, 2004 order, and filed assignments of error regarding the denial of his motion for a new trial and his motion to withdraw his guilty plea. We decided that appeal on the merits on December 9, 2005. State v. Rittner, 6th Dist. No. F-05-003, 2005-Ohio-6526 ("Rittner II"). Rittner didnot file any assignments of error regarding the trial court's (respondent's) denial of his motions requesting public records. Instead, Rittner filed this action in mandamus to compel respondent to order the release of those documents alleged to be public records.
 {¶ 5} In his petition, Rittner asserts that the following are public records to which he is entitled:
 {¶ 6} Audio tapes, which, Rittner asserts, are "in the court of respondent Barber": tapes of proceedings in State v.Rittner, Case No. 92-CRA-0263 [sic]; tapes of proceedings inState v. Rittner, Case No. 92-CR-118; tapes of proceedings inState v. Kruizenga, Case. No. 92-CR-26; tapes of proceedings inState v. Melissa Nicole McGuire, Case No. 99-CR-0061;
 {¶ 7} Psychiatric/psychological evaluations: Copy of the evaluation ordered and filed Sept. 22, 1999, in State v. MelissaNicole McGuire, for the purpose of determining competency to stand trial; "[A]ny other psychiatric evaluation conducted on Melissa Nicole McGuire regarding the cases of Rittner andKruizenga; "[D]iscovery or for purpose of psychiatric evaluation (reasoning unknown) as so ordered by Barber filed on 10-14-04. This order directed to Director Kenneth Caldwell, Fulton County Dept. of Jobs and Family Services, Children's Protective Services, `regarding the criminal incident occurring between Defendant Daniel Rittner and Melissa McGuire, as well as all relevant and collateral records regarding Ms. McGuire, as well as all relevant and collateral records regarding Ms. McGuire and Mr. Rittner should and ought to be disclosed, * * *'";
 {¶ 8} Witness statements: "Names of witnesses unknown to this relator" in the cases Rittner, Kruizenga, and McGuire; "[S]tatements made by any witness regarding a Leslie Aletha Schmidt in Rittner" and "all related documents regarding or containing the name of Leslie Aletha Schmidt"; "All witness statements made to Job and Family Services, Children Protective Services regarding Rittner and Kruizenga."
 {¶ 9} Relator's petition and respondent's motion to dismiss are now ripe for disposition.
 Mandamus {¶ 10} The jurisdiction of this court is established in Article IV of the Ohio Constitution which gives courts of appeals original jurisdiction in mandamus actions. "In order to be entitled to a writ of mandamus, the relator must establish that he has a clear legal right to the relief prayed for, that respondent has a clear legal duty to perform the requested act and that relator has no plain and adequate remedy at law." Stateex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589, citingState ex rel. Seikbert v. Wilkinson (1994), 69 Ohio St.3d 489,490.
 {¶ 11} In order for respondent to prevail on his motion to dismiss, it must appear beyond doubt that Rittner could prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in his favor. State ex rel. Findlay Publishing Co. v.Schroeder (1996), 76 Ohio St.3d 580, 581. Our inquiry is limited to the four corners of the complaint. State ex rel. DelMonte v.Village of Woodmere, 8th Dist. No. 83293, 2004-Ohio-2340, ¶ 12, citing Loveland Edn. Assn. v. Loveland City School Dist. Bd. ofEdn. (1979), 58 Ohio St.2d 31. However, if after presuming the truth of the assertions in relator's petition, we must conclude that the claim may have merit, a schedule for the presentation of evidence and briefs should be issued. Tatman v. Fairfield Cty.Bd. of Elections, 102 Ohio St.3d 425, 2004-Ohio-3701, ¶ 13. If the pertinent facts are undisputed, and petitioner is clearly entitled to the requested relief, a peremptory writ will issue.State ex rel. Highlander v. Rudduck (2004), 103 Ohio St.3d 370,371.
 Public Records Requests Pursuant to R.C. 149.43 {¶ 12} The public records statute, R.C. 149.43, entitles persons access to documents and materials which fall within the statutory definition of "public records." Ordinarily, when a person is denied access to public records, mandamus is the proper remedy. Id. at 373, citing State ex rel. Dist. 1199, Health Care Social Serv. Union, SEIU, AFL-CIO, v. Lawrence Cty. Gen. Hosp.
(1998), 83 Ohio St.3d 351, 354. Additionally, a person need not establish the lack of an alternative, adequate legal remedy in order to be entitled to a writ of mandamus compelling compliance with the public records statute. State ex rel. Miami ValleyBroadcasting Corp. v. Davis (2004), 158 Ohio App.3d 98, 101, citing State ex rel. Lucas Cty Bd. of Commrs. v. Ohio E.P.A.
(2000), 88 Ohio St.3d 166, 171-172. However, persons who are "incarcerated pursuant to a criminal conviction" must first comply with several requirements before they are entitled to any public record. The exception, R.C. 149.43(B)(4), states:
 {¶ 13} "A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person." R.C. 149.43(B)(4).
 {¶ 14} Thus, although any member of the public may file a mandamus to compel, for example, a county clerk, to release public records, an inmate must first obtain a "finding" from his or her sentencing judge that the documents are "necessary to support a justiciable claim or defense" before making the request to the public official or office, who must then refuse, before the inmate may file a mandamus. Inmates who file mandamus petitions demanding alleged public records have their petitions routinely dismissed due to their failure to obtain the required finding from their sentencing judge. This is understandable in cases where the inmate seeks a mandamus to compel a county clerk or other governmental office to act, without first obtaining permission from the sentencing judge. See, Watson v. Foley, 2d Dist. No. CA20970, 2005-Ohio-2761 (clerk of court); State exrel. Cohen v. Mazeika, 11th Dist. No. 2004-L-048, 2004-Ohio-3340
(clerk of court); State ex rel. Becker v. Ohio State HighwayPatrol, 10th Dist. No. 02AP9-18, 2003-Ohio-1450.
 {¶ 15} What is not so understandable, however, is the dismissal of inmate's mandamus petitions where the respondentis the inmate's sentencing judge; the stated grounds for dismissing these petitions is the inmate's failure to obtain that judge's permission to access the records. These cases warrant close inspection. In State ex rel. Brown v. Glickman, 8th Dist. No. 81537, 2002-Ohio-4593, the inmate's petition naming the sentencing judge as the respondent was dismissed; the inmate had filed a motion requesting alleged public records and upon the judge's denial of the motion, filed a mandamus. The grounds upon which the motion was dismissed are unspecified; the decision merely summarily rejects the inmate's petition for failure to demonstrate a clear right to relief due to the lack of the sentencing judge's permission for the records. In Breeden v.Mitrovich, 11th Dist. No. 2005-L-055, 2005-Ohio-5763, the inmate named his sentencing judge as respondent in his mandamus petition for release of public records, including parts of his own trial record; however, the decision specifically noted that the inmate did not allege in his petition that he "informed respondent of the reasons why he needed the documents and then asked respondent to render a determination on the matter." Breeden's petition was ultimately dismissed for failure to obtain from the sentencing judge the finding required by R.C. 149.43(B)(4).
 {¶ 16} Mitrovich followed what seems to be a seminal appellate case on this point, Holder v. Chester Twp, 11th Dist. No. 2002-G-2461, 2002-Ohio-7168. In Holder, the court concluded that an inmate's mandamus petition seeking public records will always be dismissed when the inmate has failed to secure permission: "a mandamus petition before an appellate court will be subject to dismissal when an inmate has not alleged: (1) she has filed a request for the records with the trial judge who sentenced her in the underlying case; and (2) the trial judge has issued a decision stating that access to the public records is necessary for the relator to support a justiciable claim. Pursuant to this case law, R.C. 149.43(B)(4) delineates two preliminary requirements which a prison inmate must meet before her mandamus action can go forward." Id. at ¶ 6, internal citations omitted. The inmate had filed a motion with the sentencing judge, but the decision found it significant that the inmate did not allege that her motion expressly requested a determination to be made pursuant to R.C. 149.43(B)(4).
 {¶ 17} Here, Rittner did file a motion for public records, and did receive a determination regarding his document requests. Respondent denied his requests as follows.
 The December 30, 2004 Judgment Entry {¶ 18} We take notice of respondent's order entered December 30, 2004, following petitioner's hearing of December 27, 2004.[1] Rittner appealed from this order, and a decision was rendered in Rittner II, supra. In that order, respondent also disposed of at least three motions, titled "Defendant's Motions for Disclosure and Release of Public Records."
 {¶ 19} The relevant portion of the December 30, 2004 order reads as follows:
 {¶ 20} "[A]nent Defendant's three separate Motions for Disclosure and Release of Public Records, the Court notes Defendant has argued he needs a release of the audio tape of his Plea and Sentencing Hearing, and that certain Records must be released, as they relate to reports maintained by the Ohio State Highway Patrol, a person identified as Ronald A. Kruizenga, one Renee McGuire, one Melissa McGuire, one Brandy McGuire, and others.
 {¶ 21} "State has resisted Defendant's Motion by Memorandum and its own Motion to Dismiss, filed December 6, 2004.
 {¶ 22} "The Court personally compared the audible portion of the audio tape to the official transcript prepared in this case, and it found no material variances of any kind. The Court further has made the audio tape available to Defendant's Attorney for her individual inspection, comparison, and use.
 {¶ 23} "Defendant's Motion for personal disclosure of additional records anent various individuals and agencies is not founded in proper procedure. Some of the records, being of ancient vintage, cannot be located, and presumably have been destroyed. Further, Defendant's Attorney has had full access to such records as are available, as has Dr. Forgac. The Court notes that [defendant's attorney] has devoted a lot of time and effort in reviewing and/or making judgments regarding all of the pertinent and relevant records in this case, presumably to include the records and tape Defendant has required herein. If additional records were needed, [defendant's attorney] had full authority and an ability to access them, up to and including the right to prosecute a mandamus action. Accordingly the Court finds Defendant's Motion, to the extent it has not already been honored, to be not in the interest of justice, and it must be denied. The Court further finds that State's Motion to Dismiss should and ought to be Granted. Now, therefore, IT IS SO ORDERED."
 {¶ 24} We now review to what, precisely, petitioner Rittner is entitled upon respondent's order.
 Analysis {¶ 25} Here, relator has made his request for documents, by motion, to the sentencing judge (respondent), who denied the request. This matter thus presents the issue of whether an inmate is precluded entirely from obtaining (possibly otherwise obtainable) public records where the sentencing judge refuses to allow it.
 {¶ 26} In his petition, Rittner asserts that he has a clear legal right to the requested documents, that respondent has a clear legal duty to "perform the requested act" (presumably to allow Rittner access to the documents), and that Rittner has no other plain and adequate remedy in the ordinary course of law.
 {¶ 27} Respondent advances two arguments in support of his motion to dismiss: first, that relator has not met the requirements of R.C. 149.43(B)(4), because Rittner has not obtained a finding from him (respondent) that the records are "necessary"; second, that Rittner failed to name the correct respondent pursuant to R.C. 149.43(B)(1), as he is not the "person responsible" for the requested records.
 {¶ 28} Respondent's second argument, that he is not the person responsible for the records pursuant to the public records statute, and that therefore he has no legal duty to allow Rittner access, is only partially correct upon a facial examination. This court has had prior occasion to order respondent to release audio tapes of proceedings pursuant to the public records statute.State ex rel. Swigart v. Barber, Long, Behnfeldt (1997),118 Ohio App.3d 238. Moreover, the Ohio Supreme Court has held that a judge is a "person responsible" for requested court records which are public documents, as a judge "controlled the public's right to access these records" and a judge is the "person responsible" if he has custody of the court records at the time of the request. State ex rel. Highlander v. Ruddick (2004),103 Ohio St.3d 370, 373. Thus, it appears that Rittner correctly named respondent in his petition for at least the purpose of releasing the audio tapes of transcripts. We decline, however, to address whether respondent was correctly named for the other requested records because we find the motion to dismiss well-taken on other grounds.
 {¶ 29} Respondent's first argument, that because he denied petitioner's public records requests, petitioner cannot meet the requirement of R.C. 149.43(B)(4), we find well-taken. Rittner's petition is insufficient on its face, since it states that respondent did deny his motions for the documents.
 {¶ 30} We take this opportunity to clarify why, precisely, respondent is only correct in his conclusion, and not in his reasoning, and to rectify the sparse explication appellate courts employ when dismissing similar mandamus petitions upon these grounds. At bottom, respondent's argument is such that if a sentencing judge (respondent, in this case) finds the inmate not entitled to requested records, the inmate has met the "end of the line," of judicial remedies and is left without recourse. If respondent was entirely correct, a sentencing judge's decision to deny an inmate access to public records would escape any further review, by mandamus or otherwise. This conclusion cannot withstand close investigation.
 {¶ 31} Sentencing judges have wide discretion when determining whether an inmate seeking public records is entitled to them. Hence the rationale for requiring the inmate'ssentencing judge to determine the matter; he or she will be most familiar with the inmate's case and matters which the inmate may raise. Indeed, judicial discretion formed part of the basis for dismissing the inmate's mandamus petition against his sentencing judge in Glickman, 2002-Ohio-4593, at ¶ 3. Be that as it may, exercises of judicial discretion are neither absolute nor obscured from review for abuses of that discretion. Several rules of procedure require trial judges to demonstrate, upon the record, their exercise of discretion, in order to facilitate appellate review: decisions to grant continuances, State v.Wentworth (1978) 54 Ohio St.2d 171, 175 ("attendant facts and circumstances must be included in the record in sufficient detail so that the necessity and reasonableness of the continuance is demonstrable" for appellate review); applications for expungement, requiring expression of facts and reasons in judgment entry to preserve appellate review, State v. Haas, 6th Dist. No. L-04-1315, 2005-Ohio-4350 (and cases cited therein); motions for new trials, Antal v. Olde Worlde Products, Inc.
(1984), 9 Ohio St.3d 144, 146; and not insignificantly, the requirements of State v. Comer (2003), 99 Ohio St.3d 463, governing sentencing hearings, which secures appellate review of the facts and reasons supporting the imposition of certain sentences.
 {¶ 32} Due to the necessity of appellate review — even where trial judges exercise considerable discretion — and upon examination of the mandamus mechanism and an inmate's predicament in obtaining public records, we conclude that the proper method for an inmate to obtain such review is directly through the appellate process. Rittner's petition warrants dismissal, not because of respondent's assertions, but because his opportunity for review existed through the process of a direct appeal.
 {¶ 33} An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met. State ex rel. Wright v. Ohio Adult ParoleAuth., supra, citing Chef Italiano v. Kent State Univ. (1989),44 Ohio St.3d 86, syllabus. Here, petitioner's Motion for Release of Public Records resulted in a final, appealable order. Had Rittner appealed respondent's order denying him public records, we could have reviewed, on the merits, whether respondent correctly applied R.C. 149.43(B)(4) to find whether the documents were "necessary to support a justiciable claim or defense" pursuant to R.C. 149.43(B)(4).
 {¶ 34} We have found no Ohio case law where an appellate court reviewed a sentencing judge's determination that an inmate was not entitled to requested public records pursuant to R.C.149.43(B)(4). Quite possibly, the lack is due to an inmate's failure to obtain a "finding" in the form of an "order" which may be appealed. In both Glickman and Mitrovich, the appellate courts did not clarify whether the respondent sentencing judge rendered an order upon the inmate's public record request: InGlickman, the inmate's motion was denied; in Mitrovich, it appears that no request was made. Presumably, many inmes make public records requests to their sentencing judge by informal means such as letters; when the request is denied, the decision is unreviewable, because it does not constitute a "final appealable order." Thus, an inmate must obtain an "order" from the sentencing judge which may be appealed in order to obtain review.
 {¶ 35} The conclusion that a sentencing judge's determination upon an inmate's request pursuant to R.C. 149.43(B)(4) may be a final, appealable order is warranted by R.C. 2505.02, which relevantly provides:
 {¶ 36} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 37} "* * *
 {¶ 38} (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."
A "substantial right" is a right which a statute entitles a person to enforce or protect. R.C. 149.43(A)(1). A "special proceeding" is "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." Pursuant to R.C. 149.43(B)(4), since it is an inmate's burden to obtain a finding from his sentencing judge allowing him access to public records, the sentencing judge must, by inference, have a reciprocal obligation to render such a finding pursuant to the statute upon the inmate's motion. Thus, an inmate's motion to his sentencing judge for a finding institutes a "special proceeding" because it is a right that is solely created by statute, and, it may be safely said that a rendering upon such motion is a proceeding that did not exist more than 150 years ago as an action at law or equity. The motion would be an "action after judgment" since the statute applies solely to currently incarcerated persons.
 {¶ 39} Obtaining an order thus requires an inmate to properly file a motion with his sentencing judge (or that judge's successor) requesting a determination pursuant to R.C.149.43(B)(4) that the documents requested are necessary to support a justiciable claim or defense of the inmate. The sentencing judge then has a reciprocal duty, derived from R.C.149.43(B)(4), to enter a ruling on the motion such that it becomes an "order" which the inmate may appeal. Therefore, an incarcerated person may be entitled to appellate review of his sentencing judge's decision, pursuant to R.C. 149.43(B)(4), if, as here, the sentencing judge "finds that the information sought in the public record" is not "necessary to support what appears to be a justiciable claim of the person." Id. If, however, the inmate does not properly make the request by motion, such as by informal letter, the judge has no reciprocal duty to enter an "order" and, consequently, the inmate will have no right to appellate review.
 {¶ 40} Since relator did not attempt an appeal of respondent's order denying him public records, his mandamus petition is precluded. In order to avail himself of mandamus, a relator must demonstrate that there is no plain and adequate remedy available at law. State ex rel. Howard v. Ferreri,
supra. In the instant case, relator could have appealed respondent's denial of his public records request; indeed, relator did file a pro se appeal of the other rulings contained in the same judgment entry, and could have filed an assignment of error regarding this issue. See Rittner II, supra. Relator's failure to appeal the order containing respondent's denial of the public records precludes mandamus relief as the appellate process was available. A mandamus is not a substitute for an appeal.State ex rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55, 57. A mandamus action to enforce the public records statute may only be brought by an inmate after he or she has obtained a finding from the sentencing judge that the requested documents are
necessary for a justiciable claim or defense — then, presumably, the inmate may need to compel a person responsible for the records to comply with the public records statute.
 Conclusion {¶ 41} Hopefully this decision will provide clarification for incarcerated persons seeking public records, and clarification for the sentencing judge to whom the request to access the records is made. In sum: An inmate seeking access to public records must take the following steps: (1) file a motion with the court in which he was sentenced, listing which (alleged) public records are requested, and stating why, pursuant to R.C.149.43(B)(4), the documents are necessary to support a claim or defense; (2) obtain an order from the sentencing judge which finds, pursuant to R.C. 149.43(B)(4), whether the documents are "necessary to support a justiciable claim or defense"; (3) if permission is granted, present the order to the "person responsible" for the records as defined by R.C. 149.43(B)(1); (4) if the "person responsible" refuses to release the public records according to the methods prescribed by statute, then institute a mandamus proceeding in the trial court; or (5) if the sentencing judge does not grant permission by finding that the documents are not necessary to support a justiciable claim or defense, then follow the proper appeal procedure of that order pursuant to R.C. 2505.02 and the Ohio Rules of Appellate Procedure, including filing a timely notice of appeal.
 {¶ 42} We decline to address petitioner's additional requested records listed in his "supplement to writ of mandamus," filed December 19, 2005, or petitioner's additional arguments, as moot.
 {¶ 43} For the foregoing reasons, we find respondent's motion well-taken, and we dismiss the petition for failure to state a claim due to relator's failure to obtain the requisite finding by respondent pursuant to R.C. 149.43(B)(4). Accordingly, the action for mandamus is dismissed. Court costs of this action are assessed to petitioner.
MANDAMUS DISMISSED.
Pietrykowski, J., Skow, J., Parish, J. concur.
[1] Although a court's examination of a motion to dismiss is limited to the four corners of the complaint, Loveland Edn.Assn. v. Loveland City School Dist. Bd. of Edn., supra, we find it necessary here to examine the December 30, 2004 order in which respondent denied Rittner's motions to disclose public records. Although it is part of basic appellate practice that a reviewing court may not add matters to the record before it which were not a part of the trial court's proceedings, State v. Ishmail
(1978), 54 Ohio St.2d 402, 403, the appellate court acts as the trial court in a mandamus action and proceeds according to the Ohio Rules of Civil Procedure. R.C. 2731.09; see, also State exrel. Wright v. Ohio Adult Parole Auth. (1996), 75 Ohio St.3d 82. Courts may take notice of "appropriate matters" in determining a motion to dismiss. See, State ex rel. Neff v. Corrigan (1996),75 Ohio St.3d 12, 16, and cases cited therein. A court may take judicial notice of a court's finding in another case. Kirshnerv. Shinaberry (1989), 64 Ohio App.3d 536, 539, citing Evid.R. 201(B) and Morgan v. Cincinnati (1986), 25 Ohio St.3d 285. Appellate courts reviewing decisions of lower courts have also taken judicial notice of prior court rulings and filings. SeeMorgan v. City of Cincinnati (1986), 25 Ohio St.3d 285;Kirshner v. Shinaberry, 64 Ohio App.3d at 539.