[Cite as *State v. Atakpu*, 2023-Ohio-3812.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29792 |
| | : | |
| v. | : | Trial Court Case No. 1999 CR 02375 |
| | : | |
| PETER JEMMA ATAKPU | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on October 20, 2023

. . . . . . . . . . .

PETER JEMMA ATAKPU, Pro Se Appellant

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Peter J. Atakpu appeals from the trial court's order overruling his motion for records after Atakpu requested certified copies of the stenographer's notes from certain trial court hearings held on March 23 and April 6, 2000. For the reasons outlined below, we affirm the judgment of the trial court.

**I.      Facts and Procedural History**

{¶ 2} In April 2000, Atakpu pled guilty and was convicted of murder, escape, having weapons while under disability, and four counts of felonious assault. For these convictions, Atakpu was sentenced to a cumulative prison term of 34 years to life.

{¶ 3} In May 2018, a third party, on behalf of Atakpu, filed a motion for transcripts, specifically requesting certified written transcripts from his March 23 and April 6, 2000, plea and sentencing hearings, respectively. In January 2019, Atakpu filed his own praecipe for the same transcripts. In February 2019, the trial court overruled Atakpu's request for transcripts, finding that Atakpu had failed to demonstrate that the information sought in the public record was necessary to support a justiciable claim. Despite overruling Atakpu's request, the trial court provided him with a copy of the transcript from the March 23, 2000 hearing, even though he was not entitled to a copy at the court's expense. The trial court also stated that no transcript had ever been prepared of the April 6, 2000 hearing, but that the court was prepared to make the stenographer's notes available to Mike Mobley Reporting for transcription if Atakpu contacted that company and made his own payment arrangements for the transcription.

{¶ 4} On June 30, 2022, Atakpu filed a motion to preserve the record, requesting that the trial court preserve the stenographer's notes from the April 6, 2000 hearing. On August 8, 2022, the trial court filed an entry stating that the stenographer's notes in question had been misplaced and were no longer available.

{¶ 5} On March 6, 2023, Atakpu filed a motion for records, again requesting "certified" copies of the stenographer's notes from the March 23 and April 6, 2000 hearings. On March 14, 2023, Atakpu filed a motion to appoint an official shorthand

reporter pursuant to R.C. 2301.18. On April 6, 2023, the trial court overruled Atakpu's motion for records, referring Atakpu to the court's previous order from February 2019 in which the court provided him with a copy of the transcript from his March 23, 2000 hearing and set forth the procedure for Atakpu to obtain transcription of the stenographer's notes from the April 6, 2000 hearing, while reiterating that the April 6 notes had been misplaced and were no longer available. The trial court never explicitly ruled on Atakpu's motion to appoint an official shorthand reporter. Thereafter, Atakpu filed his notice of appeal.

## II.     Assignments of Error and Analysis

{¶ 6} Atakpu raises the following four assignments of error, which we will consider together.

THE TRIAL COURT ABUSED THEIR DISCRETION WHEN IT FAILED TO FULLY ADJUDICATE APPELLANT'S CLAIM.

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO DECIDE UPON ALL MATTERS WITHIN APPELLANT'S MOTION TO APPOINT OFFICIAL SHORTHAND REPORTER PURSUANT OHIO REVISED CODE § 2301.18.

THE TRIAL COURT ABUSED ITS DISCRETION WHEN ITS DECISION WAS NOT SUPPORTED BY THE RECORD.

THE TRIAL COURT VIOLATED OHIO CIV.R. 1 WHEN IT FAILED TO FOLLOW THE APPLICABLE RULES OF CIVIL PROCEDURE i.e. OHIO EVID.R. 401.

{¶ 7} The crux of Atakpu's appeal is that the trial court abused its discretion when

it denied his motion for records. Atakpu specifically argues that the trial court abused its discretion when it failed to recognize that Atakpu would be unable to arrange for transcription with Mike Mobley Reporting as previously instructed by the court because that company no longer provided transcription services. Atakpu argues that the trial court failed to consider the evidence submitted by Atakpu demonstrating that he was unable to arrange for transcription services and that the court failed to appoint a shorthand reporter as required by R.C. 2301.18. We disagree.

{¶ 8} Trial courts have broad discretion in ruling on motions for records, and such orders are reviewed based on an abuse of discretion. *See State v. Atakpu*, 2d Dist. Montgomery No. 25232, 2013-Ohio-4392, ¶ 7, citing *State ex rel. Rittner v. Barber,* 6th Dist. Fulton No. F-05-020, 2006-Ohio-592, ¶ 31. To find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 9} At issue is whether the trial court abused its discretion when it overruled Atakpu's motion for records pertaining to the stenographer's notes from Atakpu's April 6, 2000 hearing. In overruling Atakpu's most recent motion for records, the trial court explained to Atakpu that the stenographer's notes from the April 6, 2000 hearing had been misplaced and were unavailable. As such, the trial court was unable to provide the notes to Atakpu for him to arrange for transcription. Under these circumstances, we cannot say that the trial court abused its discretion in overruling Atakpu's request for the subject records.

{¶ 10} Although the State argues that the trial court did not rule on Atakpu's

request for an official reporter and, thus, that there is no final appealable order with respect to that issue, we find that Atakpu's request for an official reporter was implicitly overruled when the trial court found that the stenographer's notes from the April 6, 2000 hearing were misplaced and unavailable. Even if an official reporter had been appointed for Atakpu per his request, such an appointment would have been futile because the stenographer's notes are no longer available for transcription.

{¶ 11} Atakpu's assignments of error are overruled.

{¶ 12} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .


TUCKER, J. and EPLEY, J., concur.