OPINION
{¶ 1} This original action is presently before this Court for final consideration of the motion to dismiss of respondent, Lake County Clerk of Court Lynne L. Mazieka. As the primary basis for her motion, respondent argues that the petition of relator, Stephen B. Cohen, fails to state a viable claim in mandamus because his allegations show that he cannot satisfy the statutory requirements for obtaining copies of public records. For the following reasons, we conclude that the motion to dismiss has merit.
 {¶ 2} According to relator's own petition, he is presently an inmate at the Marion Correctional Institution, having been convicted of murder in the Lake County Court of Common Pleas in 1986. In December 2003, relator sent a letter to respondent in which he requested that he be sent copies of certain documents pertaining to his conviction, including a copy of his plea in the matter. As part of the letter, relator told respondent that he had the ability to pay her for the requested copies.
 {¶ 3} When respondent never replied to relator's letter, he filed the instant case for a writ of mandamus to compel respondent to provide the copies. Relator alleged in his petition that respondent had a legal obligation under the Ohio Public Records Act, R.C. 149.43, to allow him to have access to the documents in question. Relator further alleged that he planned to use those documents to support his motion to withdraw his plea in the underlying action.
 {¶ 4} In now moving to dismiss relator's mandamus claim, respondent contends that, even though R.C. 149.43 generally requires a public official to provide copies of public records, an exception to the basic rule is applicable in this instance. In support of this contention, respondent refers to R.C.149.43(B)(4):
 {¶ 5} "A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * *, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence * * *, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person."
 {¶ 6} In interpreting the foregoing statutory language, this Court has stated that the trial judge's approval of an inmate's document request must be established in order for the inmate to have a clear legal right under R.C. 149.43 to copies of the documents. Holder v. Chester Twp., 11th Dist. No. 2002-G-2461, 2002-Ohio-7168. As a result, in order to state a feasible claim to compel the release of public records, an inmate must allege that he submitted to the sentencing judge, or that judge's successor, a request for the disputed documents, and that the judge then issued a decision expressly finding that he needed the documents to support a justiciable claim. Id. If a mandamus claim does not contain such allegations, it is subject to dismissal under Civ.R. 12(B)(6). See, also, State ex rel. Sevayega v.Reis, (2000), 88 Ohio St.3d 458.
 {¶ 7} In the instant action, our review of the mandamus petition readily indicates that relator did not allege that, prior to bringing this action, he submitted the necessary request under R.C. 149.43(B)(4) to either the actual trial judge who presided over his underlying criminal case, or that judge's successor. Furthermore, relator did not allege that the requisite finding under the statute was made by the appropriate judge. Without such allegations, relator's petition is legally insufficient to show that relator has a clear legal right under the Ohio Public Records statute to be given copies of any document pertaining to his murder conviction.
 {¶ 8} As a general proposition, a writ of mandamus will lie only when the relator will be able to demonstrate, inter alia, that he has a clear legal right to have the public official perform the action in question. State ex rel. Manson v. Morris
(1993), 66 Ohio St.3d 440. Pursuant to the foregoing analysis, this court concludes that, even when the allegations in relator's petition are construed in a manner most favorable to him, they are still not sufficient to show that he will be able to prove a set of facts under which he would have a clear right to have access to the documents under R.C. 149.43. Hence, since relator cannot satisfy each element for a writ of mandamus, his petition must be dismissed for failure to state a viable claim for relief.Holder.
 {¶ 9} In light of this holding, respondent's motion to dismiss is granted. It is the order of this court that relator's entire mandamus petition is hereby dismissed.
Christley, J., Grendell, J., Rice, J., concur.