OPINION
{¶ 1} Appellant-relator, Frank C. Brown, Jr. (hereinafter "Brown") appeals the judgment of the Hancock County Common Pleas Court denying his petition for writ of mandamus and granting the state's motion to dismiss. For the reasons that follow, we find Brown's arguments to be without merit.
 {¶ 2} On January 21, 2003, Brown pled guilty to four counts of sexual battery and one count of rape. Brown has subsequently filed a motion to withdraw his guilty plea and a petition for postconviction relief.
 {¶ 3} On November 20, 2003, Brown requested a copy of Report Number 01-02-001220 (hereinafter "the report") from the Findlay Police Department. J.A. Rhodes (hereinafter "Rhodes"), the supervisor of records, denied Brown's request. Brown again requested a copy of "the report" on November 12, 2004. Rhodes again denied Brown's request.
 {¶ 4} On February 17, 2005, Brown filed a petition for writ of mandamus in the trial court. Thereafter, Rhodes filed a motion to dismiss Brown's petition. The trial court granted Rhodes' motion.
 {¶ 5} It is from this judgment Brown appeals and sets forth a sole assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred as a matter of law in refusing to allowrelator access to the requested incident report and narrativesupplement of the Findlay Police Department and failed to orderrespondent to provide such which should have been made availablepursuant to O.R.C. § 149.43 et. seq.
 {¶ 6} In his sole assignment of error, Brown argues "the report" at issue is a "public record" that must be disclosed under R.C. 149.43. Accordingly, Brown asserts the trial court erred in dismissing his petition for a writ of mandamus seeking to order Rhodes to provide him an unredacted copy of "the report".
 {¶ 7} "[T]o grant a writ of mandamus, a court must find that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that the relator has no plain and adequate remedy at law." State ex rel. Hodges v. Taft (1992),64 Ohio St.3d 1, 3, 591 N.E.2d 1186, citing State ex rel. Harris v.Rhodes (1978), 54 Ohio St.2d 41, 8 O.O.3d 36, 374 N.E.2d 641.
 {¶ 8} Ohio's Public Records Act provides in pertinent part: "[A]ll public records shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. * * *" R.C. 149.43(B)(1). However, individuals incarcerated pursuant to a criminal conviction must comply with specific requirements before obtaining a writ of mandamus to compel a public official to release a record pursuant to the Public Records Act. R.C. 149.43(B)(4); Holder v. ChesterTownship, et al., 11th Dist. No. 2002-G-2461, 2002-Ohio-7168, at ¶ 6.
 {¶ 9} R.C. 149.43(B)(4) provides: "A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * * unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence * * * or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person." An inmate must obtain the trial judge's approval of a document request "in order for the inmate to have a clear legal right under R.C.149.43 to copies of the document." State ex rel. Cohen v.Mazeika, 11th Dist. No. 2004-L-048, 2004-Ohio-3340, at ¶ 6, citing Holder, 2002-Ohio-7168. Consequently, an inmate's writ of mandamus must allege that they have filed a request for the record with their sentencing judge or that judge's successor in office and that the applicable judge issued a decision which found the record is necessary to support a justiciable claim. Id., citations omitted.
 {¶ 10} In the case sub judice, Brown pled guilty and was sentenced for four counts of sexual battery and one count of rape. As a result, Brown is incarcerated at the Mansfield Correctional Institution. The report Brown is seeking concerns the police investigation which ultimately resulted in his conviction and imprisonment, thus R.C. 149.43(B)(4) applies.
 {¶ 11} In his petition for writ of mandamus, Brown did not allege that the judge who imposed his sentence or the judge's successor in office found that the information he seeks as a public record is necessary to support a justiciable claim as required under R.C. 149.43(B)(4). Consequently, Brown has not shown a clear legal right to the record he seeks and his writ of mandamus was appropriately dismissed. Brown's sole assignment of error is, therefore, overruled.
 {¶ 12} Although our reasoning differs from that of the trial court, the judgment of the trial court is nevertheless affirmed on appeal as there was no prejudice to the appellant. See Bonnerv. Bonner, 3d Dist. No. 14-05-26, 2005-Ohio-6173, at ¶ 18, citations omitted.
 {¶ 13} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Rogers and Shaw, J.J., concur.