PER CURIAM OPINION
{¶ 1} This action in mandamus is presently before this court for consideration of the motion to dismiss of respondent, Lake County Prosecutor Charles Coulson. As the primary basis for his motion, respondent submits that the petition of relator, James May, fails to state a viable claim for a writ because his own allegations establish that he has not taken the necessary steps to qualify for the requested relief. For the reasons which follow, we conclude that the motion to dismiss is well taken. *Page 2 
 {¶ 2} Relator is presently incarcerated at the Lake Erie Correctional Institution, having previously been convicted of one count of attempted trafficking of marijuana in the Lake County Court of Common Pleas. In bringing the instant action, relator seeks an order which would require respondent to provide a copy of certain evidence obtained during the traffic stop that led to the initial charges in the underlying case. Specifically, he submits that, pursuant to R.C. 149.43, he is entitled to a copy of the videotape which was taken as part of the traffic stop. Relator further submits that he and his appellate counsel need the copy in order to properly prosecute his direct appeal from his criminal conviction.
 {¶ 3} In support of his sole claim for relief, relator alleges that once his notice for his direct appeal had been filed, he executed a power of attorney in favor of Rochelle Hahner so that she could make a proper request for a copy of the videotape. Relator also alleges that, on two separate occasions, Hahner submitted to respondent a written statement indicating that relator was requesting a copy of the videotape under Ohio's public records statute. In response to both requests, respondent informed Hahner that a copy of the videotape would not be provided because the conviction emanating from the traffic stop was still subject to litigation.
 {¶ 4} In now claiming that relator's factual allegations are legally insufficient, respondent contends that the instant action cannot proceed before this court because we are not the proper tribunal to determine whether relator is entitled to a copy of the videotape. Specifically, respondent argues that, since relator is presently an inmate in a state penitentiary, only the trial judge in his underlying criminal case has the authority to consider the merits of his public records request. In support of his position, respondent *Page 3 
relies solely upon the requirements of R.C. 149.43(B)(4).
 {¶ 5} As both sides correctly note, the basic procedure for obtaining copies of public records is set forth in R.C. 149.43. Our review of the general provisions of this statute indicates that a request for copies must typically be submitted to the official who is responsible for the maintenance of such records, and that any dispute as to whether the records in question are subject to release can be litigated in a mandamus action. However, R.C. 149.43(B)(4) delineates a specific exception to the foregoing rules. This provision states, in pertinent part:
 {¶ 6} "A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * * unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence * * *, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person."
 {¶ 7} In interpreting R.C. 149.43(B)(4), the Supreme Court of Ohio has noted that this provision was written in very broad terms and, thus, was clearly intended by the General Assembly to apply to all records requests made by a prison inmate in regard to his underlying action. InState ex rel. Russell v. Thornton, 111 Ohio St.3d 409, 2006-Ohio-5858, the inmate sought copies of his incident report from a city police chief. In appealing the dismissal of his mandamus action, the inmate asserted that he was not obligated to follow R.C. 149.43(B)(4) because the Supreme Court had held prior to the *Page 4 
enactment of the provision that such reports were always subject to release regardless of the nature of the subsequent investigation. While acknowledging its previous case law concerning incident reports, theRussell court still held that, in order to conserve law enforcement resources, the General Assembly had created additional requirements which an inmate must always satisfy as part of a public records request. Based upon this, the Russell court upheld the dismissal of the mandamus claim because the inmate in that case had not obtained a finding from his sentencing judge before submitting his request for the report.
 {¶ 8} Consistent with the Supreme Court's holding as to the broad application of R.C. 149.43(B)(4), this court has concluded that the provision has had the effect of creating two new elements for a mandamus claim by a prison inmate: "As a result, in order to state a feasible claim to compel the release of public records, an inmate must allege that he submitted to the sentencing judge, or that judge's successor, a request for the disputed documents, and that the judge then issued a decision expressly finding that he needed the document to support a justiciable claim. * * * If a mandamus claim does not contain such allegations, it is subject to dismissal under Civ.R. 12(B)(6)."State ex rel. Cohen v. Mazeika, 11th Dist. No. 2004-L-048,2004-Ohio-3340, at ¶ 6, citing State ex rel. Sevayega v. Reis (2000),88 Ohio St.3d 458, 2000-Ohio-383, 2000-Ohio-384.
 {¶ 9} In the present matter, our review of the mandamus petition readily shows that relator is incarcerated in a state prison and is seeking a copy of a public record which pertains to his underlying criminal case; accordingly, the requirements of R.C. 149.43(B)(4) are clearly applicable to this mandamus case. Notwithstanding this, our *Page 5 
review of relator's petition further shows that it does not contain any allegations that: (1) before submitting his "videotape" request with respondent, he moved the trial judge in his Lake County case to make a finding that the copy was necessary for him to pursue his appeal; and (2) upon considering the motion, the trial judge rendered such a finding. In the absence of such allegations, relator can never be entitled to a writ of mandamus because he has failed to satisfy the statutory requirements for a public records action by a prison inmate.
 {¶ 10} As an aside, this court would note that the trial record in the Lake County case has already been filed in relator's pending appeal before us. Our review of that record indicates that it contains a copy of the videotape of the underlying traffic stop. As a result of its inclusion in the record, relator's appellate counsel has had access to the videotape for purposes of reviewing it and raising any relevant argument as part of his appellate brief. To this extent, relator's failure to follow the proper procedure under R.C. 149.43(B)(4) has not adversely affected his ability to fully prosecute his direct appeal. Instead, it has merely delayed his ability to obtain his own copy of the videotape.
 {¶ 11} In relation to the dismissal of mandamus claims, this court has previously stated:
 {¶ 12} "To be entitled to a writ of mandamus, a relator must be able to demonstrate, inter alia, that [he] has a clear legal right to the performance of the act at issue. * * * As a result, a mandamus petition is subject to dismissal under Civ.R. 12(B)(6) if the nature of the relator's allegations are such that, even when the allegations are construed in a manner most favorable to the relator, it is apparent beyond doubt that the relator will be unable to prove a set of facts under which [he] will have a clear legal *Page 6 
right to the requested relief." (Citations omitted.) Holder v. ChesterTwp., 11th Dist. No. 2002-G-2461, 2002-Ohio-7168, at ¶ 11.
 {¶ 13} Pursuant to the foregoing analysis, this court holds that relator has not made sufficient allegations which would establish a set of facts entitling him to a writ of mandamus. That is, since he has not alleged that he has met the requirements of R.C. 149.43(B)(4), relator has not demonstrated that he has a clear legal right to a copy of the videotape. In other words, until the trial judge in the Lake County case has made the requisite finding under the statute, respondent has no legal duty to provide the copy. Therefore, the dismissal of this matter under Civ.R. 12(B)(6) is warranted.
 {¶ 14} Respondent's motion to dismiss the instant action is granted. It is the order of this court that relator's entire mandamus petition is hereby dismissed.
CYNTHIA WESTCOTT RICE, P.J., WILLIAM M. O'NEILL, J., COLLEEN MARY OTOOLE, J., concur. *Page 1