PER CURIAM OPINION
{¶ 1} This action in mandamus is presently before this court for final disposition of the motion to dismiss of respondent, the state of Ohio. As the primary grounds for its motion, respondent asserts that the petition of relator, Don Hall, fails to set forth a viable claim for relief because his own allegations demonstrate that he has not satisfied certain statutory requirements governing an inmate's request for copies of public records. For the following reasons, we conclude that the motion to dismiss is well taken. *Page 2 
 {¶ 2} Relator is currently a prisoner in the Marion Correctional Institution, having been convicted in 1992 of three separate counts of rape in the Trumbull County Court of Common Pleas. This conviction was predicated upon a plea bargain which relator's trial counsel was able to negotiate with respondent after an initial plea of not guilty had been entered. Under the terms of the bargain, respondent agreed to amend each of the three counts to delete the specification that relator would be sentenced to life imprisonment. Upon accepting the amended plea of guilty, the trial court ordered relator to serve three indeterminate terms of ten to twenty-five years, with the terms to run concurrently.
 {¶ 3} According to relator, in November 2007, a parole hearing in regard to his incarceration was conducted by the Ohio Adult Parole Authority. During the proceeding, respondent submitted new evidence concerning the underlying offenses which had not been referenced at the time relator entered his guilty plea. Furthermore, at some point after the parole hearing, a newspaper in Trumbull County printed an article which stated a summary of respondent's "new" evidence.
 {¶ 4} In bringing the instant action, relator alleged in his mandamus petition that, by introducing the new evidence at the parole hearing, respondent breached the terms of the parole bargain and violated his various constitutional rights. For example, relator asserted that respondent's conduct resulted in violations of the prohibitions against ex post facto laws and double jeopardy. In addition, he alleged that respondent purposely supplied information to the Trumbull County newspaper which formed the basis of the summary in the article.
 {¶ 5} In light of his factual assertions, relator also maintained in his petition that it had become necessary for him to obtain a complete statement of the evidence which *Page 3 
had been presented during the parole hearing. Accordingly, as the relief under his sole claim, relator requested the issuance of a writ to compel respondent to provide him with a copy of the official transcript of that proceeding.
 {¶ 6} In now arguing that the instant case is subject to dismissal under Civ. R. 12(B)(6), respondent first submits that relator's prayer for relief should be viewed as a request for a public record. Based upon this, respondent contends that this case is not properly before this court because we do not possess the authority under the controlling statute to resolve this type of dispute. Citing R.C. 149.43, respondent maintains that when a public records request is made by an inmate of a state penitentiary, it must first be reviewed by the trial judge in the inmate's underlying criminal proceeding.
 {¶ 7} As an initial point, this court would note that R.C. 149.43(A)(1) defines the term "public record" to include, inter alia, any records that are kept by a public office of a county. Clearly, this definition is sufficiently broad to encompass a transcript of a public hearing before the adult parole authority. Hence, even if it is assumed that the Trumbull County Prosecutor's Office, for whatever reason, actually maintains such transcripts as part of its function as the representative of the state of Ohio in criminal actions, the disclosure of such records would be governed by R.C. 149.43.
 {¶ 8} Under the general provisions of R.C. 149.43(B), the person who has the duty to maintain the records of a public office must also organize those records in such a manner that they can be made available for inspection within a reasonable time. The general provisions further indicate that, upon receipt of a proper request, the person in question is legally obligated to provide copies of the public records at cost. In addition, R.C. 149.43(C)(1) states that if any dispute arises as to whether the responsible person *Page 4 
has appropriately responded to a "records" request, an action in mandamus can be filed against the public office to resolve the dispute.
 {¶ 9} As a general proposition, the procedures set forth in R.C. 149.43(B) are intended to facilitate the quick disclosure of records held by a public office. However, certain exceptions to the basic procedure are also delineated in the statute. One such exception pertains specifically to prison inmates:
 {¶ 10} "A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * * unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence * * * or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person." R.C. 149.43(B)(8).
 {¶ 11} Under normal circumstances, a party is permitted to pursue a mandamus action against a public official when he can demonstrate that the official has failed to properly respond to a public records request. See R.C. 149.43(C)(1). However, if the party seeking the copies is an inmate in a state prison, R.C. 149.43(B)(8) mandates that a mandamus case cannot be maintained until the trial judge in the underlying criminal matter has approved the records request; i.e., an inmate will not have a right to copies of the public records until he has followed the separate procedure for obtaining the trial judge's approval.State ex rel. Cohen v. Mazeika, 11th Dist No. 2004-L-048,2004-Ohio-3340, at ¶ 6. Moreover, this court has previously noted that, since the provisions of *Page 5 
R.C. 149.43(B)(8) are set forth in broad terms, it is evident that the General Assembly intended for the "approval" requirement to apply whenever an inmate submits a records request which relates to his criminal conviction. State ex rel. May v. Coulson, 11th Dist. No. 2006-L-251, 2007-Ohio-2852, at ¶ 7, citing State ex rel. Russell v.Thornton, 111 Ohio St.3d 409, 2006-Ohio-5858.[1]
 {¶ 12} In light of the distinct requirement for a state prisoner, this court has held that a mandamus claim before us will not state a viable cause of action unless the claim contains specific allegations in relation to R.C. 149.43(B)(8). That is, "an inmate must allege that he submitted to the sentencing judge, or the judge's successor, a request for the disputed documents, and that the judge then issued a decision expressly finding that he needed the documents to support a justiciable claim." Cohen, 2004-Ohio-3340, at ¶ 6.
 {¶ 13} In the instant action, our review of relator's allegations indicates that he sought a copy of the "parole hearing" transcript for the purpose of examining the "new" evidence which respondent had presented about the underlying facts of his criminal case. His allegations further indicate that he intended to subsequently cite respondent's new evidence in support of his separate contention that the terms of his plea bargain have been breached and certain constitutional violations have occurred. Therefore, to the extent that the transcript sought by relator will possibly be used as a basis for a new motion or "claim" concerning his criminal conviction, the "approval" requirement of R.C. 149.43(B)(8) is applicable to his records request. *Page 6 
 {¶ 14} In light of the foregoing, it was necessary for relator's mandamus petition to contain specific allegations as to the statutory requirement. However, our review of the petition also shows that no such allegations exist. Not only did relator fail to allege that he submitted a request regarding the transcript to the trial judge in his underlying criminal action, but he further did not state that the trial judge had determined that the request was justified under the circumstances. Thus, since relator did not allege proper compliance with R.C. 149.43(B)(8), he cannot maintain a mandamus action to compel the release of public records.
 {¶ 15} In responding to the motion to dismiss his claim, relator has not sought to supplement his factual assertions in any respect. Instead, he has simply argued that his right to a copy of the transcript is controlled by the federal Freedom of Information Act. In considering this argument in a prior mandamus case, though, this court has noted that the governing case law of this state provides that the federal statute is inapplicable to a public records request of a state inmate.Breeden v. Mitrovich, 11th Dist. No. 2005-L-055, 2005-Ohio-5763, at ¶ 9, citing State ex rel. Warren v. Warner (1998), 84 Ohio St.3d 432. Consequently, relator was obligated to comply with R.C. 149.43(B)(8) before he could take any other step to obtain a copy of the "parole hearing" transcript.
 {¶ 16} Under the well-established case law of this appellate district, a trial judge must approve an inmate's records request in order for an enforceable legal right to accrue in favor of the inmate under R.C. 149.43. Cohen, 2004-Ohio-3340, at ¶ 6. Since relator's petition does not have any reference to the requirements of R.C. 149.43(B)(8), the nature of his factual allegations is such that, even when the allegations are viewed in a manner most favorable to him, it is still beyond all doubt that he will not be able to *Page 7 
prove a set of facts under which he would be entitled to a writ of mandamus. Thus, as he has failed to state a viable claim for a writ, his petition is subject to dismissal under Civ. R. 12(B)(6).
 {¶ 17} Respondent's motion to dismiss this matter is granted. It is the order of this court that relator's mandamus claim is hereby dismissed in its entirety.
MARY JANE TRAPP, P.J., DIANE V. GRENDELL, J., TIMOTHY P. CANNON, J., concur.
[1] At the time of the issuance of our opinions in May andCohen, the provision regarding an inmate's public records request was delineated in R.C. 149.43(B)(4). In the most recent amendment of this statute, the numbering of the various sections has been modified so that the "inmate" provision is now set forth in R.C. 149.43(B)(8). Yet, the basic substance of the "inmate" provision has remained the same. *Page 1