[Cite as *State v. Christian*, 2024-Ohio-4493.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 113580 |
| v. | : | |
| CLIFFORD CHRISTIAN, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 12, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-00-398493-ZA

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellee*.

Clifford Christian, *pro se*.

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant Clifford Christian ("Christian") appeals from the trial court's denial of his public records request. For the reasons that follow, we affirm.

**Factual and Procedural History**

{¶ 2} On November 9, 2000, a Cuyahoga County Grand Jury indicted Christian on one count of aggravated murder with a firearm specification. The case proceeded to a jury trial, and the jury found Christian guilty on May 3, 2001. The trial court sentenced Christian to 23 years to life in prison.

{¶ 3} Christian filed a direct appeal, and this court affirmed Christian's conviction and sentence in 2002. *State v. Christian*, 2002-Ohio-1272 (8th Dist.). Christian is currently incarcerated at Belmont Correctional Institution.

{¶ 4} On October 17, 2023, Christian filed a "motion for full disclosure of non-exempt records pursuant to R.C. 149.43-45 and 5 U.S.C. 552 and 552(a)" ("the public records motion"). In the public records motion, Christian stated that he required full disclosure of all non-exempt records because he was preparing for his parole hearing and was therefore entitled to full disclosure pursuant to R.C. 149.43(B)(8).

{¶ 5} On October 26, 2023, the State filed a brief in opposition to Christian's public records motion.

{¶ 6} On November 27, 2023, the trial court denied Christian's public records motion, stating that Christian had "not offered a justiciable claim contemplated by ORC 149."

{¶ 7} On January 23, 2024, Christian filed a motion for leave to file a delayed appeal. On March 6, 2024, this court granted Christian's motion for leave to file a delayed appeal, stating:

A public records request is civil in nature. App.R. 4(A)(3) applies to civil appeals and states that if service is not perfected as outlined in Civ.R. 58, then the period for filing an appeal is tolled. *State v. Tucker*, 8th Dist. No. 95556, 2011-Ohio-4092, P9. The trial court failed to direct the clerk of court to serve the appellant with notice of the judgment per Civ.R. 58. Therefore, the time to file the appeal was tolled, and appellant's appeal is timely filed.

{¶ 8} Christian presents a single assignment of error for our review:

The trial court erred in denying the appellant's motion for full disclosure of non-exempt records as appellant had presented a justiciable claim because appellant had identified a pending proceeding to which the requested documents would be material.

**Law and Analysis**

{¶ 9} In Christian's sole assignment of error, he argues that the trial court erred when it denied his application for non-exempt records because he needed the records to prepare for an April 2024 parole hearing.

{¶ 10} We note that Christian appears pro se on appeal. This court has previously recognized

a pro se litigant may face certain difficulties when choosing to represent oneself. Although a pro se litigant may be afforded reasonable latitude, there are limits to a court's leniency. *Henderson v. Henderson*, 2013-Ohio-2820, ¶ 22 (11th Dist.). Pro se litigants are presumed to have knowledge of the law and legal procedures, and are held to the same standard as litigants who are represented by counsel. *In re Application of Black Fork Wind Energy, L.L.C.*, 2013-Ohio-5478, ¶ 22.

*Saeed v. Greater Cleveland Regional Transit Auth.*, 2017-Ohio-935, ¶ 7 (8th Dist.). Therefore, we presume Christian has knowledge of the law and appellate process.

{¶ 11} R.C. 149.43 governs the availability of public records. In general, "the procedures set forth in R.C. 149.43(B) are intended to facilitate the quick disclosure of records held by a public office." *Hall v. State*, 2009-Ohio-404, ¶ 9 (11th Dist.).

Certain exceptions to the basic procedure are also delineated in the statute, and one such exception applies specifically to prison inmates like Christian.

{¶ 12} Relevant to this case, R.C. 149.43(B)(8) provides:

A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

{¶ 13} The statue provides that "an inmate will not have a right to copies of public records until he has followed the separate procedure for obtaining the trial judge's approval." *Hall* at ¶ 11, citing *State ex rel. Cohen v. Mazeika*, 2004-Ohio-3340, ¶ 6 (11th Dist.). Specifically, the trial judge must make a finding that the information sought by the inmate "is necessary to support what appears to be a justiciable claim of the person." R.C. 149.43(B)(8).

{¶ 14} "Absent a viable constitutional claim, we review a trial court's ruling under R.C. 149.43(B)(8) for an abuse of discretion." *State v. Carr*, 2019-Ohio-3802, ¶ 21 (2d Dist.), citing *State v. Stinson*, 2019-Ohio-401, ¶ 8 (2d Dist.). A trial court does not abuse its discretion in denying a motion under R.C. 149.43(B)(8) made by a person who has not demonstrated that he has a justiciable claim or that the public

records he seeks are necessary to support such a claim. *Id.*, citing *State v. Reid*, 2012-Ohio-1659, ¶ 13 (2d Dist.).

{¶ 15} While R.C. 149.43 does not define a "justiciable claim," this court has held that "a 'justiciable claim' is one that is capable of affording appropriate relief and ordinarily involves identifying a pending proceeding to which the requested documents would be material." *State v. Dowell*, 2015-Ohio-3237, ¶ 7 (8th Dist.). Further, other Ohio courts have described a "justiciable claim" as one that is "'properly brought before a court of justice for relief.'" *State v. Long*, 2018-Ohio-4194, ¶ 10 (1st Dist.), quoting *State v. Askew*, 2017-Ohio-1512, ¶ 11 (11th Dist.); *State v. Seal*, 2014-Ohio-4168, ¶ 8 (4th Dist.); *State v. Rodriguez*, 2014-Ohio-2583, ¶ 14 (12th Dist.); *State v. Wilson*, 2011-Ohio-4195, ¶ 9 (2d Dist.)

{¶ 16} R.C. 2967.01(E) defines "parole" as

> regarding a prisoner who is serving a prison term for aggravated murder or murder. . . a release of the prisoner from confinement in any state correctional institution by the adult parole authority that is subject to the eligibility criteria specified in this chapter and that is under the terms and conditions, and for the period of time, prescribed by the authority in its published rules and official minutes or required by division (A) of section 2967.131 of the Revised Code.

{¶ 17} Christian filed his public records motion in advance of a parole hearing in April 2024. "[T]he act of determining parole is not a judicial function, but is purely executive in nature." *Budd v. Kinkela*, 2002-Ohio-4311, ¶ 8 (11th Dist.), citing *Rose v. Haskins*, 388 F.2d 91 (6th Cir. 1968). Therefore, a parole hearing is an executive proceeding, in which no party, including the inmate, is bringing a claim before a court of justice for relief. As such, a parole hearing is not a "justiciable

claim" pursuant to R.C. 149.43. For this reason, the trial court did not abuse its discretion in denying Christian's public records motion. Christian's sole assignment of error is overruled.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
SEAN C. GALLAGHER, J., CONCUR