[Cite as *State ex rel. Hairston v. Noble*, 2025-Ohio-5598.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. [Jonathan] Hairston, | : | |
| Relator, | : | No. 25AP-336 |
| v. | : | (REGULAR CALENDAR) |
| Judge Andria Noble, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on December 16, 2025

**On brief:** *Jonathan Hairston*, pro se.

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Jennifer Warmolts*, for respondent.

IN MANDAMUS

DINGUS, J.

{¶ 1} Relator, Jonathan Hairston, seeks a writ of mandamus ordering respondent, Judge Andria Noble, to grant his request for public records under R.C. 149.43(B)(8). Judge Noble filed a motion to dismiss Hairston's petition under Civ.R. 12(B)(6).

{¶ 2} In accordance with Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate. The magistrate considered the action and issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate initially questioned whether Hairston's action must fail because no proceeding was pending related to the requested records, but the magistrate ultimately concluded that Hairston's action must fail because he did not establish that he had a justiciable claim as required by R.C. 149.43(B)(8). Accordingly, the magistrate recommended that this court grant Judge Noble's motion to dismiss and dismiss Hairston's action.

{¶ 3} No party has filed objections to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).

{¶ 4} Upon review, we have found no error in the magistrate's findings of fact or conclusions of law or other defect evident on the face of the magistrate's decision. We need not address whether a pending proceeding is a prerequisite to a request for records under R.C. 149.43(B)(8), because Hairston failed to satisfy the prerequisite of articulating a justiciable claim. Accordingly, we adopt the magistrate's decision, and we conclude that Hairston has not demonstrated that he is entitled to a writ of mandamus. We grant Judge Noble's motion to dismiss, and we dismiss Hairston's action in mandamus.

*Motion to dismiss granted*;
*action dismissed.*

JAMISON, P.J., and BOGGS, J., concur.

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. [Jonathan] Hairston, | : | |
| Relator, | : | |
| v. | : | No. 25AP-336 |
| Judge Andria Noble, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on August 13, 2025

*Jonathan Hairston,* pro se.

*Shayla D. Favor*, Prosecuting Attorney, and *Jennifer Warmolts*, for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 5}  Relator, Jonathan Hairston, has commenced this original action seeking a writ of mandamus ordering respondent, Judge Andria Noble, to grant the request for public records he filed pursuant to R.C. 149.43(B)(8). Respondent has filed a motion to dismiss.

Findings of Fact:

{¶ 6}  1. Relator is an inmate incarcerated at Ross Correctional Institution.

{¶ 7}  2. Respondent is a judge in the Franklin County Court of Common Pleas.

{¶ 8}  3. On April 15, 2025, relator filed the instant mandamus action.

{¶ 9}    4. In his petition, relator alleges that on October 24, 2024, he filed a public records request with Judge O'Donnell, who was the judge in a criminal case in which relator was the defendant, Franklin C.P. No. 14CR-6186 ("criminal case"), pursuant to R.C. 149.43(B)(8). Respondent now presides over the criminal case. Relator requested the following documents with regard to his criminal case: (1) trial docket sheet; (2) indictments; (3) sentencing entry; (4) appearance docket; (5) bill of particulars; (6) pre-trial attorney motion; (7) journal entries; and (8) trial exhibits. Relator asserted that his "justiciable claim" was that these documents will be needed to pursue post-conviction relief and any appeals of such; habeas corpus relief and any appeals of such; and a Civ.R. 60(B) motion and any appeals of such. Respondent objected to the public-records request in a memorandum contra.

{¶ 10} 5. Relator did not file any direct appeal of his criminal case, and at the time of his filing of his public-records request, there were no active appeals, pending post-conviction motions, pending requests for habeas corpus relief, or any pending Civ.R. 60(B) motions relating to his criminal case.

{¶ 11} 6. Respondent denied relator's public-records request on December 6, 2024.

{¶ 12} 7. Relator filed a reply to respondent's memorandum contra on December 12, 2024.

{¶ 13} 8. On May 6, 2025, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

Conclusions of Law:

{¶ 14} The magistrate recommends that this court grant respondent's motion to dismiss relator's petition.

{¶ 15} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 16} A court may dismiss a complaint pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling him or her to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 2007-Ohio-814, ¶ 5.

"Although factual allegations in the complaint are taken as true, 'unsupported conclusions of a complaint are not considered admitted . . . * * * and are not sufficient to withstand a motion to dismiss.' " *Justice v. Jefferson-Pilot Life Ins.*, 1998 Ohio App. LEXIS 6250, (10th Dist. Dec. 24, 1998), quoting *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

{¶ 17} A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C). Generally, in ruling on a Civ.R. 12(B)(6) motion, a court " 'cannot resort to evidence outside the complaint to support dismissal [except] where certain written instruments are attached to the complaint.' " *Brisk v. Draf Indus.*, 2012-Ohio-1311, ¶ 10 (10th Dist.), quoting *Park v. Acierno*, 2005-Ohio-1332, ¶ 29 (7th Dist.); *see also Myers v. Vandermark*, 2024-Ohio-3205, ¶ 20 (7th Dist.) (finding that when a plaintiff relays information in a complaint and in attachments, that information can be held against the plaintiff in ruling on a Civ.R. 12(B)(6) motion).

{¶ 18} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 2020-Ohio-2690, ¶ 33 (10th Dist.), citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 2016-Ohio-5364, ¶ 26 (4th Dist.), citing *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

{¶ 19} R.C. 149.43(B)(8) sets heightened requirements for incarcerated persons seeking public records related to a criminal investigation or prosecution, and provides:

> (8) A public office or person responsible for public records is not
> required to permit a person who is incarcerated pursuant to a

criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

R.C. 149.43(B)(8).

{¶ 20} In the present case, the magistrate agrees with respondent that relator's petition should be dismissed. Relator cannot show a clear legal duty on the part of the respondent to provide the requested records. Respondent was not required to permit relator, who is an incarcerated person pursuant to a criminal conviction, to obtain a copy of a public record concerning his criminal prosecution unless respondent found that the information sought by relator in the public record was necessary to support what appears to be a justiciable claim.

{¶ 21} Initially, it is clear that the requested records concerned a criminal investigation or prosecution, as these were documents pertaining to his criminal case. As to whether the information sought in the requested records was necessary to support what appears to be a justiciable claim, in his public-records request, relator indicated that his "justiciable claim," pursuant to R.C. 149.43(B)(8), was that the requested documents will be needed to pursue post-conviction relief and any appeals of such; habeas corpus relief and any appeals of such; and a Civ.R. 60(B) motion and any appeals of such. Relator did not claim that there were any active appeals, pending post-conviction motions, pending requests for habeas corpus relief, or pending Civ.R. 60(B) motions relating to his criminal case.

{¶ 22} Some appellate districts have held that establishing a justiciable claim involves identifying a pending proceeding with respect to which the requested documents would be material. *See State v. Mack*, 2025-Ohio-1990 (5th Dist.) (finding a justiciable claim does not exist where an inmate fails to identify any pending proceeding with respect to which the requested documents would be material); *State v. Christian*, 2024-Ohio-4493 (8th Dist.); *State v. Rodriguez*, 2014-Ohio-2583 (12th Dist.); *State v. Seal*, 2014-Ohio-4168 (4th Dist.);

*State v. Atakpu*, 2013-Ohio-4392, ¶ 9 (2d Dist.). However, some appellate districts have found that the statute does not require that a justiciable claim be pending; only that the inmate have a justiciable claim to be advanced. *See State v. Barnette*, 2024-Ohio-1172 (7th Dist.); *State v. Askew*, 2017-Ohio-1512 (11th Dist.).

{¶ 23} This district has not explicitly determined this issue, but in *State v. Hill*, 2023-Ohio-1954 ¶ 40 (10th Dist.), we did cite positively *State v. Warren*, 2019-Ohio-3522 (2d Dist.), in which the court indicated that it has consistently held that the justiciable claim requirement ordinarily involves identifying a pending proceeding with respect to which the requested documents would be material. *Id*. at ¶ 90.

{¶ 24} Regardless of this discrepancy as to the requirement of a pending proceeding, relator here made no attempt to show he had a justiciable claim. In his request, he only generically indicated that the documents would be needed to pursue post-conviction relief and any appeals of such; habeas corpus relief and any appeals of such; and a Civ.R. 60(B) motion and any appeals of such. He does not illuminate any claims that he might have or desire to raise, and he fails to make any argument as to their justiciability. Therefore, the trial court had no basis upon which to make a finding that the information sought in the public record was necessary to support what appeared to be a justiciable claim. For this reason, relator's public records request failed to meet the requirements in R.C. 149.43(B)(8), and he cannot show now in mandamus that respondent had a clear legal duty to provide the requested records.

{¶ 25} Accordingly, it is the magistrate's decision that this court should grant respondent's motion to dismiss relator's petition for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.