DECISION
{¶ 1} Relator, Dennis Evans, an inmate of a federal penal institution, has filed this original action requesting that this court issue a writ of mandamus against respondent, the Honorable John A. Connor, a judge of the Franklin County Court of Common Pleas, for the purpose of obtaining public records allegedly needed to support his petition for post-conviction relief. Respondent has filed a motion to dismiss relator's action for failure to state a claim upon which relief in mandamus can be granted.
 {¶ 2} This matter was referred to a magistrate of this court, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and recommended that this court grant respondent's motion to dismiss. (Attached as Appendix A.) No objections have been filed to that decision.
 {¶ 3} As there have been no objections filed to the magistrate's decision, and it contains no error of law or other defect on its face, based upon an independent review of the evidence, this court adopts the magistrate's decision. Respondent's motion to dismiss relator's action is granted.
Action dismissed.
Bryant and Sadler, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
[State ex rel.] Dennis Evans, :
Relator, :
v. : No. 05AP-1052
Judge John A. Connor, : Respondent. :
 MAGISTRATE'S DECISION Rendered on February 16, 2006 Dennis Evans, pro se.
Ron O'Brien, Prosecuting Attorney, and Paul Thies, for respondent.
 IN MANDAMUS ON MOTION TO DISMISS {¶ 4} In this original action, relator, Dennis Evans, an inmate of a federal penal institution, requests that a writ of mandamus issue against respondent, the Honorable John A. Connor, a Judge of the Franklin County Court of Common Pleas, for the purpose of obtaining public records allegedly needed to support his petition for post-conviction relief.
Findings of Fact:
 {¶ 5} 1. On September 29, 2005, relator, an inmate of a federal penal institution, filed this original action against respondent Judge Connor.
 {¶ 6} 2. According to the complaint, on April 19, 2001, following a jury trial, Judge Connor sentenced relator to serve a prison term of 15 years to life, plus an additional three years for use of a firearm. According to the complaint, this court affirmed Judge Connor's conviction and thereafter this court denied relator's application to reopen his appeal.
 {¶ 7} 3. Through this mandamus action, relator ultimately seeks to obtain public records under R.C. 149.43 which are allegedly needed to support his petition for post-conviction relief. However, relator fails to specify what public records he seeks to obtain.
 {¶ 8} 4. According to the complaint, on August 30, 2005, relator requested public records from a Ronald Jester who is apparently employed by the "Public Safety Department/Division of Police."
 {¶ 9} 5. According to the complaint, on September 26, 2005, relator "once again requested the much needed information" from Judge Connor. In a footnote, relator indicates dates of prior "information" requests to Judge Connor and Ronald Jester.
 {¶ 10} 6. In his complaint, relator requests that this court issue a writ of mandamus "directing respondent * * * to resolve the pending motion for release of documents" in accordance with R.C. 149.43. In the concluding paragraph of his complaint, relator requests that this court order "Judge John A. Connor, ET AL., to resolve the pending Motion for Release of Documents within the next 30 days."
 {¶ 11} 7. On October 31, 2005, respondent moved for dismissal of this original action. Relator has not responded to the motion.
Conclusions of Law:
 {¶ 12} It is the magistrate's decision that this court grant respondent's motion to dismiss for relator's failure to state a claim upon which relief in mandamus can be granted.
R.C. 149.43(B)(4) states:
A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.
 {¶ 13} Under R.C. 149.43(B)(4), as a prerequisite to obtaining any public record concerning his prosecution, relator must obtain from respondent a finding that the information sought in the public record is necessary to support what appears to be a justiciable claim.
 {¶ 14} In his complaint, relator fails to state what the "pending motion for release of documents," actually asks respondent to do. Relator did not attach a copy of the pending motion to his complaint nor did he specify what the pending motion actually requests other than to indicate that the pending motion pertains to release of documents.
 {¶ 15} In his complaint, relator does not allege that the motion he filed September 26, 2005 requests that respondent make an R.C. 149.43(B)(4) finding that the information sought in the public records is necessary to support what appears to be a justiciable claim. Again, the complaint simply alleges that the pending motion concerns "release of documents" and demands that this court order respondent to "resolve" the motion within the next 30 days.
 {¶ 16} Relator cannot show a clear legal right to obtain public records in the possession or control of the public safety department/division of police, or to public records that might allegedly be in the possession or control of respondent, until he has obtained from respondent, pursuant to an R.C. 149.43(B)(4) motion or request, a finding that the information sought in the public record is necessary to support what appears to be a justiciable claim. See Breeden v. Mitrovich, Lake App. No. 2005-L-055, 2005-Ohio-5763. Because relator has failed to allege that he has obtained the R.C. 149.43(B)(4) finding from respondent, his complaint fails to state a claim upon which relief in mandamus can be granted. Id.
 {¶ 17} Accordingly, for all the above reasons, it is the magistrate's decision that this court grant respondent's motion to dismiss on grounds that relator has failed to state a claim upon which relief in mandamus can be granted.