[Cite as *State ex rel. Bristow v. Chief of Police, Cedar Point Police Dept.*, 2016-Ohio-3084.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio, ex rel. Lonny Bristow

    Relator

v.

Chief of Police, Cedar Point
Police Department

    Respondent

Court of Appeals No. E-15-066

**DECISION AND JUDGMENT**

Decided: May 18, 2016

* * * * *

Lonny Bristow, pro se.

Justin D. Harris, for respondent.

* * * * *

**YARBROUGH, J.**

{¶ 1} This matter is before the court on relator's, Lonny Bristow, petition for writ of mandamus, as well as his "motion for summary judgment pursuant to Ohio rule of civil procedure 56." Respondent, the chief of police of the Cedar Point Police Department, filed a motion to dismiss relator's petition on April 5, 2016, which is also before the court.

**{¶ 2}** Because Bristow has been declared a vexatious litigator in Ohio, he previously filed a motion with this court, seeking leave to proceed with this action. We subsequently granted this motion on January 25, 2016. On that same day, Bristow filed his petition for a writ of mandamus, seeking an order requiring respondent to comply with his public records request of "all reports taken at Cedar Point * * * between July 15 and July 30, 2015."

**{¶ 3}** Respondent filed an answer on February 5, 2016, in which respondent sought the dismissal of Bristow's petition on the basis of several affirmative defenses. In particular, respondent alleges that the Cedar Point police department is not subject to the public records requests under R.C. 149.43 because it is not a public entity. Additionally, respondent contends that the requested police reports are not "records" as defined by R.C. 149.43. Respondent also states that Bristow has failed to pay the costs of producing the requested records, as required under R.C. 149.43(B)(6) and (B)(7). Finally, respondent alleges that Bristow, a federal inmate, has failed to comply with the requirements of R.C. 149.43(B)(8).

**{¶ 4}** Thereafter, on February 17, 2016, Bristow filed his motion for summary judgment, in which he addressed some of the arguments raised in respondent's answer. Regarding the issue of respondent's status as a public entity, Bristow argues that respondent is a "functional equivalent of a governmental entity." In support of his argument, Bristow attached an affidavit to the motion, which generally asserts that respondent functions as any other municipal police department. Specifically, Bristow

2.

states that respondent possesses the police powers typically associated with public police departments, including the power to arrest, issue traffic citations, and carry firearms and handcuffs.

{¶ 5} Concerning respondent's argument that the petition should be dismissed for failure to comply with the inmate provisions of R.C. 149.43(B)(8), Bristow argues that such provisions do not apply here because the police reports he seeks are not related to the investigation or prosecution of a criminal proceeding. Moreover, Bristow contends that R.C. 149.43(B)(8) does not apply to him because he is a federal inmate, not a state inmate. As such, Bristow argues that his petition is not barred by R.C. 149.43(B)(8), even if the police reports he requested relate to the investigation or prosecution of a criminal proceeding.

{¶ 6} Several weeks after Bristow filed his motion for summary judgment, respondent filed a motion to dismiss Bristow's petition. Respondent also attached a memorandum in opposition to Bristow's motion for summary judgment to the motion to dismiss. In the memorandum, respondent once again argues that Bristow's petition was fatally defective because it did not comply with the mandates of R.C. 149.43(B)(8). Specifically, respondent urges that the records Bristow requested "have absolutely nothing to do with the reason why he is incarcerated." Moreover, respondent contends that R.C. 149.43(B)(8) applies to both state *and* federal inmates, noting that the statute itself makes no distinction between the two types of inmates. Because Bristow's petition

3.

contains no allegation that he has complied with R.C. 149.43(B)(8), respondent argues that his petition must be dismissed.

{¶ 7} The Ohio Public Records Act provides that upon request, "all public records responsive to the request shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours." R.C. 149.43(B)(1).  A person allegedly aggrieved by the failure to make a public record available "may commence a mandamus action to obtain a judgment that orders the public office or person responsible for the public record to comply with [R.C. 149.43(B)] * * *.  R.C. 149.43(C)(1)."  *See State ex rel. Physicians Commt. For Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6 ("Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act.").

{¶ 8} "In order to be entitled to a writ of mandamus, the relator must establish a clear legal right to the relief prayed for, that respondent has a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law."  *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490, 633 N.E.2d 1128 (1994).  "Relators seeking public records in mandamus, however, need not establish the lack of an adequate remedy at law."  *State ex rel. Luken v. Corp. for Findlay Mkt. of Cincinnati*, 972 N.E.2d 607, 2012-Ohio-2074, ¶ 17 (1st Dist.), citing *State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, ¶ 24.

4.

**{¶ 9}** It is undisputed that, at the time of his request, Bristow was incarcerated at the Federal Correctional Institution in Mendota, California. The Ohio Public Records Act imposes certain restrictions upon inmates seeking certain public records. Relevant here, R.C. 149.43(B)(8) provides,

A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

**{¶ 10}** Here, Bristow did not seek a finding from the sentencing court allowing him to obtain copies of the requested public records. Nonetheless, Bristow contends, without support, that he is not required to comply with the mandates of R.C. 149.43(B)(8) because he is a federal inmate. Notably, the statute does not distinguish between federal and state inmates. Further, the case law in Ohio does not absolve federal inmates of their

responsibility to comply with the mandates of R.C. 149.43(B)(8). *See State ex rel. Evans v. Connor*, 10th Dist. Franklin No. 05AP-1052, 2006-Ohio-2871 (applying R.C. 149.43(B)(8), which, at the time, was codified as R.C. 149.43(B)(4), to a federal inmate). Therefore, we find no merit to Bristow's contention that R.C. 149.43(B)(8) does not apply to him on the basis that he is a federal inmate.

{¶ 11} Alternatively, Bristow argues that R.C. 149.43(B)(8) does not apply here because he is not seeking records "concerning a criminal investigation or prosecution." Bristow's assertion is belied by the allegations in his petition. Indeed, according to his petition, Bristow "requested the respondent provide [him] with all reports taken at Cedar Point, including the narrative, between July 15 and July 30, 2015." As noted by the Supreme Court of Ohio, the language in R.C. 149.43(B)(8)

> clearly includes offense and incident reports as documents that are subject to the additional requirement to be met by inmates seeking records concerning a criminal investigation or prosecution. The General Assembly clearly evidenced a public-policy decision to restrict a convicted inmate's unlimited access to public records in order to conserve law enforcement resources. *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 856 N.E.2d 966, 2006-Ohio-5858.

Thus, we agree with respondent's assertion that Bristow's public records request is subject to R.C. 149.43(B)(8).

6.

{¶ 12} Having failed to allege the existence of a judicial determination that the information sought in his public record request is necessary to support what appears to be a justiciable claim, we conclude that Bristow has not established a clear legal right to the requested records. Accordingly, Bristow's motion for summary judgment and request for relief in mandamus is denied. Respondent's motion to dismiss is granted, relator's motion for summary judgment is denied, and this action is hereby dismissed. Relator to pay costs. This court directs the clerk of courts to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

Writ denied.

Thomas J. Osowik, J. _____
JUDGE
Stephen A. Yarbrough, J.

_____
James D. Jensen, P.J. JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.